## M'KINNEY v. BELLOWS.

The law of set-off applies only to debts which are liquidated and due in the same right.

In an action brought by *A.* against *C.* for a debt due to *A.* by *C.*, the defendant cannot set off a debt due to him by *A.* and *B.;* and the circumstance that *A.* and *B.* are non-residents, and have no property within the state, makes no difference.

ERROR to the *Dearborn* Circuit Court.

BLACKFORD, J.—*Bellows* brought an action of debt against *M'Kinney* on a sealed note, dated in 1830, for the payment of 500 dollars. Plea of payment, with the following matters of set-off:—That, in 1818, *Bellows*, *Stone*, and *Brooks*, as partners under the firm of *Daniel Brooks & Co.*, by their promissory note, promised to pay the defendant 35 dollars; that, in 1819, they drew a draft in favour of the defendant for 6,000 dollars on a certain steam-mill company; which draft the drawees refused to pay, having in their hands no funds of the drawers; and that, in 1820, they gave a written acknowledgment to the defendant for 83 dollars and 38 cents. The plea also states, that *Bellows*, *Stone*, and *Brooks*, are not resident within the state. To this plea the plaintiff demurred, and the defendant joined in demurrer. The Circuit Court gave judgment for the plaintiff.

The only question in the cause is, were the claims of the defendant the proper subjects of set-off?

The doctrine of set-off was unknown to the common law. By that law, each party had to bring a separate suit against the other for the debt he claimed. According to the civil law,

May Term, 1832.

M'KINNEY v. BELLOWS.

a set-off was admitted in the name of compensation, provided the debts both of the plaintiff and defendant were liquidated, and were due in the same right. 1 Domat, 513. Compensation, says that law, can only be made between persons who have in their own names the double quality of creditor and debtor. Ib. Courts of chancery, previously to any statute on the subject, admitted a set-off in the case of mutual dealings, where it appeared to have been the intention of the parties, that one debt should be set against the other. *Hawkins et al.* v. *Freeman,* 8 Viner's Abr. 560. But if the debts were unconnected, chancery did not interfere. Per Lord *Mansfield,* in *Green et al.* v. *Farmer et al.* 4 Burr, 2214.

To remedy the manifest injustice of the common law, and allow debts in certain cases to be set off, the statutes of *Geo.* 1. were passed. The first of these enacts, "that where there are mutual debts between the plaintiff and defendant, or if either party sue or be sued as executor or administrator, where there are mutual debts between the testator or intestate and either party, one debt may be set against the other." The second of these statutes enacts, "that mutual debts may be set off, &c., though they are deemed in law to be of a different nature." 1 Tidd's Prac. 580, 581. The words of our own act are, "When two or more dealing together are indebted to each other upon any contract, and one of them commences an action, if the other cannot gainsay or deny the same, he may plead payment of all, or part of the debt or demand, and give any contract, account, or receipt in evidence, which may be set forth in such plea." R. C. 1831, p. 405. This statute of ours is substantially the same, as to the cases in which debts may be set off, with the statutes of *Geo.* 1. The debts must be, as they were required to be by the civil law, liquidated and due in the same right.

In the cause before us, *Bellows* sues *M'Kinney* on a sealed note given by the latter to the former. Against this note, *M'Kinney* offers to set off debts due to him by *Bellows, Stone,* and *Brooks.* Here the debt sued for, and the debts offered to be set against it, are not mutual and due in the same right. The plaintiff and defendant have not in their own names the double quality of creditor and debtor. *Bellows* is alone the creditor of *M'Kinney,* but he is not alone his debtor. The attempt is, to set up a joint demand as a set-off against a separate debt; which cannot be done. In a case where the objection to a set-off was, that it

was for money due from the plaintiff and another, Justice *Buller* says—"The plaintiff's counsel objected to this set-off because there was no mutuality; but that depends on the question, whether the debt is due from the plaintiff and another person, or from the plaintiff alone. If the former, the debt cannot be set off: but it appears that the bond was executed by the plaintiff alone. No debt can arise upon the bond from the other party who did not execute. The plaintiff therefore alone can be sued upon the bond; so that there is a mutuality." *Fletcher* v. *Dyche*, 2 T. R. 32. This language of the Judge,—*that if the debt be due from the plaintiff and another it cannot be set off*,—is in point against the defendant in the case before us. In another cause, the defendants claimed to set off a debt, due them from the firm of *H. & T. Moore*, against a debt due from the defendants to *T. Moore* alone. This was a case of bankruptcy, and the plaintiffs were the assignees of *T. Moore*. At the time of the argument, Justice *Livingston* said, that he had always considered it as one of the clearest principles of law, that a joint debt cannot, at law, be set off against a separate claim. A majority of the Court, however, sustained the set-off on the special provisions of the bankrupt act. But they said that at law, independently of the statute of bankruptcy, the opinion of the Court was, that the discount could not be made. *Tucker et al.* v. *Oxley*, 5 Cranch, 34 (1).

The plaintiff in error contends, that if the general rule in matters of set-off is against him, still his defence is good, as his plea avers the non-residence of the persons against whom he claims. We cannot conceive how this circumstance of non-residence can affect the case. The question as to the set-off is, are the debts mutual and due in the same right? or, which amounts to the same thing, would *Bellows* be liable to a cross action against himself alone, for the debt proposed to be set off against his demand? On that question, the residence or non-residence of the parties can have no influence. It is true, as was said in the argument, that were *Stone* and *Brooks* dead, the set-off against the surviving partner would be supported. *French* v. *Andrade*, 6 T. R. 582. The reason of this is, the debt previously due by the partnership would exist, at law, against the survivor alone. His liability to a suit at law for the debt, is the same as if he had been the sole contractor. But that is not the case with *Bellows*, though his partners do not

reside within the state.  Were he sued alone for the partnership debt, now attempted to be set off against his action, he might plead in abatement that the supposed promises were made by him and *Stone* and *Brooks* jointly.  And it would be no answer to such a plea, that *Stone* and *Brooks* are non-residents, and have no property within the state.  *Sheppard* v. *Baillie*, 6 T. R. 327.  *Bellows* has the same right to object to this partnership debt being set off against a suit in his own name, that he would have had to object to its recovery in a suit against himself alone.

The judgment of the Circuit Court, in favour of the plaintiff below, must be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

G. H. Dunn, for the plaintiff.

A. Lane, for the defendant.

(1) *Elder* v. *Lasswell et al.* Vol. 2, of these Rep. 349.—*Porter* v. *Nekervis*, 4 Rand. 359.