SMITH and Another *v.* SMITH.—In error.

An unliquidated demand for damages is not a proper subject of set-off in an action at law.

THIS is an appeal from an injunction to restrain the proceedings in an action at law, granted upon a bill of discovery. The bill charges that the action at law was brought upon the counts for goods sold and money had and received; that, as the complainant is informed and believes, it was brought to recover the balance claimed by the appellants to be due by the appellee upon the contracts, for the sale and delivery by the former to the latter

of 2,000 barrels of salt; that, by the first contract, the appellants agreed to deliver 500 barrels on, or before, the first day of *August*, and 500 on, or before, the first day of *September*, 1845, or as much sooner as the appellants might wish to deliver them, or any portion of them, every parcel to be paid for on delivery; that, by the second contract, the appellants engaged to deliver, in addition to the above, 500 barrels on, or before, the 15th of *August*, and 500 barrels on, or before, the 15th of *September*, upon the same terms. The complainant charges that the appellants failed to deliver 975 barrels of said salt as provided for in the second contract, and that he has thereby sustained damages in the loss of the profits he could have made by the re-sale of the same. He further alleges that the evidence of said second contract is contained in certain letters which passed between the parties, and which are in possession of the appellants, and prays that they may be required to answer as to the contents of said letters, in order that he may be enabled to set off the damages he has sustained by reason of the non-performance by the appellants of their part of the contract, against the demand upon which they have brought their action against him.

The evidence of which the bill seeks a discovery would be of no avail to the appellee in the action at law, as an unliquidated demand for damages, such as he alleges he has sustained, is not a proper subject of set-off. *McKinney* v. *Bellows*, 3 Blackf. 31.—R. S. p. 708, s. 204. We think, therefore, the injunction should not have been granted.