In Special Term—January 1855. SPENCER, J. presiding.

## PLATT EVENS, JR. *vs.* CHARLES F. HALL.

[Set-off—Counterclaim—Amendment.]

E. sued H. for compensation for the manufacture of certain percussion seal presses, under a contract for that purpose with H. H. sets up in his answer a claim for damages, for the non-performance of a contract between the parties, that E. should procure the patent for the exclusive right to make and vend the said presses, and assign one half to H.

*Held:* That the claim set forth in the answer, being for unliquidated damages, was not the subject of a set-off—the Code not having changed the law as it existed under the statute of set-offs, except as to matters of equitable defence. Neither could it be plead as a *counterclaim;* to be allowed as such, it must have some direct connection with the cause of action set forth in the plaintiff's petition.

In such case, however, the plaintiff failing to demur to such *new matter* in the answer, and having replied over, thereby waiving any objection that he might have made to its consideration by the Court, the Court will not of its own motion refuse to consider it.

An amendment of the answer in such case, so as to claim a specific performance, will not be allowed, of course, as it might change the whole condition of the defence.

This was an action brought to recover the compensation earned by the plaintiff, in the performance of a contract for the manufacture of certain seal presses, known as "Evens' Percussion," entered into between him and the defendant. The defendant, by way of answer, claimed damages for the non-performance of a certain other contract, entered into between the parties, by which the plaintiff agreed to procure a patent, for the exclusive right to make and use the said presses, and assign one half thereof to the defendant. The plaintiff, in reply, denied the existence of any such contract. The case being submitted to the Court, and testimony heard upon all the matters controverted, the Court found for the plaintiff, upon the cause of action set forth in the petition. And as to the matters set up in the answer, a question was presented, whether they could be properly considered in the action.

SPENCER, J. It is difficult to determine, whether the counterclaim set up in the answer, was intended to be pleaded as a *set-off* to the plaintiff's demand, or as a *counterclaim*, in the proper sense of the word. Viewed in either aspect, however, it seems improperly presented in the present case.

1. As a *set-off* it presents a claim for *unliquidated damages*, which is contrary to all received ideas of a set-off as such. Whether the Code intended to use the word "set-off" in its original and accepted sense, as applicable only to cases of certain and liquidated demands, or to enlarge its meaning so as to embrace all cases of claim for damages arising upon contract, is not perhaps certainly apparent. It furnishes no definition of the term, but simply provides, § 93: "that the defendant may set forth "as many grounds of defence, counterclaim, and set-off, "as he may have, whether legal or equitable, or both;" with this limitation, § 97, that "a set-off can only be "pleaded in an action founded on contract, and must be "a cause of action arising upon contract, or ascertained "by the decision of the Court." The language of this latter section standing alone, certainly admits of an interpretation which would justify a set-off of any claim, whatever, arising upon *contract*, in any action whatever founded on contract, whether the damages in either case were liquidated or unliquidated. But it by no means follows, that such was the intention of the Code. On the contrary, it is a cardinal rule of construction, that words in common use are to be taken in their ordinary acceptation; and terms of art, or of precise legal signification, according to their usual technical or legal import. The word "set-off," in legislation, has been in long and con-

stant use, and has acquired as precise and fixed meaning as any other legal term in vogue. And that is one, which limits its application to cases of liquidated demand.

That this application of the term was not intended to be changed, is apparent from the fact that the word is used in the prior section of the Code, without qualification or explanation, except, that in the true spirit of the Code, it applies to *equitable*, as well as legal claims. But it is still more apparent from the § 95 of the Code, which provides, that "if the defendant omit to set up his counterclaim or set-off, he cannot recover cost against the plaintiff, in any subsequent action thereon. Now it is exceedingly difficult to believe, that it was intended to refuse costs to a plaintiff in an action for a breach of marriage promise, who has failed to set up such a breach by way of set-off to an action against him, or her, on a promissory note, or for the non-performance of a contract for the conveyance of land. Before yielding to such a consequence, and to an innovation which would produce almost irremediable confusion in the blending together in one common trial of the most inconsistent and diverse issues, I must be compelled by language so clear and unequivocal, as to have no reason for hesitation. Such is not the purport of the language used in the present instance; for whilst it declares, that a set-off can *only* be pleaded in an action founded on a contract, &c., (the original idea of set-off,) it does *not* declare that it shall or may be pleaded, in *all* such actions, nor in any other, than those in which it was theretofore proper.

2. As a *counterclaim*, in the proper sense of that word, it is very clear that this defence has been improperly pleaded. The 94th Sec. of the Code defines a counter-

claim to be one which "arises out of the contract or trans-
"action set forth in the petition, as the foundation of the
"plaintiff's claim, or connected with the subject of the ac-
"tion." To be allowed, therefore, it must have some direct
connection with the cause of action, set forth in the plain-
tiff's petition. In the present case, the contract upon
which the petition is founded, is one, whereby the plain-
tiff undertook to manufacture, upon certain terms, for the
defendant, "percussion seal presses." The subject of the
action is the recovery of the money due from the defen-
dant, as a compensation for the manufacturing of the
presses, in pursuance of the contract. With this contract,
or subject matter of the action, the claim set up in the
answer is wholly unconnected. It demands damages for an
alleged breach of contract by the plaintiff, in not assigning
to defendant an interest in a certain patent right to manu-
facture said "presses;"—a contract entered into at a dif-
ferent time; depending upon a different consideration; re-
lating to a different subject, and requiring wholly different
proof from the former.

The plaintiff, however, instead of demurring, has replied
over to this defence, and thereby waived any objection
which might have been taken by him against its con-
sideration. And as the testimony has all been heard,
the Court will not now, of its own motion, refuse to con-
sider it.

The Court thereupon proceeded to examine the case;
and the defendant, with the plaintiff's assent, having
amended the answer, so as to demand a judgment of spe-
cific performance, instead of damages, a specific perform-
ance was finally awarded him; the Court remarking, that
such an amendment would not be allowed as a matter of

course, since it might change the whole condition of the defence.

GROESBECK & THOMPSON for plaintiff.

WALKER, KEBLER, & FORCE for defendant.