## McCullough & Culbertson *v.* Samuel Lewis.

The code does not permit a set-off founded upon a claim for unliquidated damages.

Special Term.—On demurrer to petition. Action by the payees against the maker of a promissory note. The defendant answers, denying indebtedness and alleging " that during the years 1854 to 1857, inclusive, he was extensively engaged

in the pork-packing business, in the city of Cincinnati, and transacted a large amount of business with plaintiffs as commission merchants, and otherwise; that plaintiffs made advances, in the usual course of business, to defendant, upon shipments of pork to them at the city of Baltimore, which pork was agreed to be sold upon the advice and for the account of defendant; that plaintiffs charged defendant with packing pork, which, according to agreement betwen them, should not have been charged; that plaintiffs charged defendant with extra commission on sale of pork, which they were not entitled to, and deducted the same out of said sales; and further, that, in some instances, said pork was sold contrary to the express orders of defendant, and the market price of said pork was, shortly after said sales, greatly increased, and thereby defendant was deprived of large profits, which he is now entitled to recover of plaintiffs."

The petition refers to an exhibit containing an itemized account of overcharges and estimated losses on sundry specified sales, and claims that the plaintiffs are indebted to him, " upon a true and fair settlement of accounts between them," and asks that the note sued on be canceled, and that defendant have judgment for the balance that may be found due him.

*Collins & Herron,* for plaintiffs.

*Hagans & Broadwell,* for defendant.

STORER, J. This is a demurrer on the ground that the set-off is for unliquidated damages.

The items composing the alleged set-off are described in the copy of the account attached to the answer, as required by section 122 of the code.

They are for overcharges made by the plaintiffs:

1. As the factors of defendant in the sale of property consigned to them.

2. For disobeying his instructions in selling property consigned, at a less price than was limited.

The code, we suppose, does not essentially change the com-

monly-received idea of a set-off, which by our former practice was confined to what was termed liquidated damages.

Although the claim must now arise on a contract, no greater strictness is required than was necessary before the code. The rule, "*id certum, quod certum reddi potest*," was applied, we believe, without exception, to all cases of this description.

Whenever an action would lie upon any of the money counts, a set-off for a like demand may be pleaded by way of defense.

One of my colleagues has very clearly stated his construction of the code on this subject in 1 Handy, 434, *Evens* v. *Hall*, and I fully concur in this opinion.

We think that all the items embraced in the first division, are proper subjects of set-off. But the items included in the second are without the rule.

They would not furnish the ground for an action of *indebitatus assumpsit*, as a recovery must be had only upon a breach of contract first proved, and the damages to be assessed are not solely dependent upon any fixed element, to render them certain.

Beside, the issue would become involved, and the trial of the case be necessarily greatly embarrassed.

The same view is taken in 2 Cranch, 342, *Winchester* v. *Hackley;* 3 Wash. C. C. 359, *Cheongwo* v. *Jones*.

As the demurrer is to the whole answer, it must be overruled. But the plaintiff will be at liberty to now move that the answer be made more definite and certain.