───────o───────

## Howk v. Meloy.

JUSTICE OF THE PEACE.—MOTION TO SET-OFF JUDGMENT.—A justice of the peace may, on proper motion, enter an order that mutual judgments, rendered before him, shall be set-off the one against the other.

APPEAL from the *Cass* Common Pleas.

GREGORY, C. J.—In *June*, 1865, *Meloy* recovered a judgment before *Kendrick*, a justice of the peace, against *Howk*, for $18 45 and costs. In *August* following, *Howk* recovered a judgment before the same justice against *Meloy*, for $19 91 and costs. In *September* of the same year, the appellant filed with the justice his written motion, praying that so much of his judgment as was necessary might be set-off against the judgment of *Meloy*, in satisfaction thereof, except as to costs. The justice rendered a judgment of satisfaction. Appeal to the Court of Common Pleas by *Meloy*. The appellee demurred to the complaint. The court below held that the justice of the peace had no jurisdiction and dismissed the case. *Howk* appeals to this court.

It is insisted that this is a proceeding in equity, and therefore the justice had no jurisdiction. *McKinney* v. *Bellows*,

Howk *v.* Mcloy.

3 Blackf. 31, is relied on as establishing this doctrine. This question was not involved in that case. BLACKFORD, J., in delivering the opinion of the court, says: "The doctrine of set-off was unknown to the common law. By that law, each party had to bring a separate suit against the other for the debt he claimed. According to the civil law, a set-off was admitted in the name of compensation, provided the debts, both of the plaintiff and defendant, were liqui-dated, and were due in the same right. 1 Domat 513. Compensation, says that law, can only be made between persons who have in their own names the double quality of creditor and debtor. *Ibid.* Courts of chancery, previously to any statute on the subject, admitted a set-off in the case of mutual dealings, where it appeared to have been the intention of the parties that one debt should be set against the other. *Hawkins et al.* v. *Freeman,* 8 Viner's Abr. 560. But if the debts were unconnected, chancery did not inter-fere. Per Lord MANSFIELD, in *Green et al.* v. *Farmer et al.* 4 Burr. 2214." So far from this case deciding that the pro-ceeding by motion to set-off one judgment against another, in the same court, is a chancery proceeding, it settles the question that equity will not interfere in such a case. Each judgment is unconnected with the other. This proceeding, however, is in the nature of a motion to enter satisfaction of a judgment. If the justice had jurisdiction to enter the judgments, he has jurisdiction to render a judgment of satisfaction. In *Temple et al.* v. *Scott,* 3 Minn. 419, it is cor-rectly held that a court has inherently the power to set-off its own judgments. In *Hill* v. *Brinkley,* 10 Ind. 102, there is a dictum that judgments of different courts may be set-off on motion, but that question was not before the court. The judgments in that case were rendered in the same court. In *Palmateer* v. *Meredith,* 4 J. J. Marshall 75, the court held that judgments recovered in the same court may be set-off against each other at law, without resorting to chancery. In *Wright* v. *Cobleigh,* 3 Foster, (N. H.,) 32, it is held that courts of law have the general power to set-off

mutual judgments, but the application to set off must be made in the court where the judgment was rendered against him who makes the application. In *Simpson* v. *Huston,* 14 Tex. 476, HEMPHILL, C. J., in delivering the opinion of the court, says: "There is no doubt of the power of courts, independent of statute, to set off mutual judgments against each other. Such power has long been exercised by both courts of law and equity."

The justice's act provides that "in all cases not in this act specially otherwise provided, proceedings before justices shall be governed by the practice and usages of the Circuit Court, and the rules of the common law, so far as the same are in force in this State." 2 G. & H., § 75, p. 600. It is contended that this does not confer jurisdiction. That is true, but it embraces a proceeding by motion to set off one judgment against another rendered by the same justice. That is an incident of the judgments, and not an original subject matter of jurisdiction.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to overrule the demurrer to the complaint, and for further proceedings.

*J. Guthrie* and *J. H. Gans,* for appellant.

*D. D. Pratt* and *D. P. Baldwin,* for appellee.