## MELOY *v.* HOWK.

JUSTICE OF THE PEACE—*Motion to Set Off Judgments.*—In a proceeding before a justice of the peace to set off against each other mutual judgments rendered by him, it is immaterial that execution on the judgment against the party making the motion has been stayed, or that the time for which such execution has been stayed has not expired; nor can the other party, being a resident householder, claim as such to have the judgment in his favor to enter satisfaction of which the motion is made, set apart to him as property exempt from execution.

APPEAL from the Cass Common Pleas.

RAY, J.—Motion to set off a judgment obtained before a justice of the peace by Howk against Meloy, for nineteen

dollars and ninety-one cents, against a judgment obtained before the same justice in favor of Meloy against Howk, for eighteen dollars and forty-five cents. The case was before us on a question of jurisdiction and decided adversely to the present appellant. 26 Ind. 176.

On its return to the Cass Common Pleas Court, an answer was filed in three paragraphs. The first alleged, that the judgment against Howk had been stayed, and was therefore a joint judgment against the appellee and his bail; the second, that the time for the stay of execution on the judgment against Howk had not expired, and therefore the same was not due; the third, that Meloy was a resident householder and entitled to have the judgment set off to him as exempt from execution.

To all these paragraphs demurrers were properly sustained. This was simply a motion to have the judgment against Howk declared satisfied. The replevin bail had not assumed any greater liability than the execution defendant. The satisfaction of the debt by the principal, by payment, or extinguishment of the debt in any way, released him. He had not assumed any primary liability, and could not deprive his principal of his right to have the judgment set off against any demand held against him. As to the answer, that the time for which execution had been stayed had not expired, it is sufficient to say that the motion to enter satisfaction does not come within our statute in regard to set-offs in actions, if, indeed, it should be held that a party may not waive the time given him by law on staying a judgment, and at once treat it as due and payable.

The claim to have this judgment set off as property exempt from execution, is an assumption that it is owing, whereas the motion for satisfaction proceeds on the ground that it is satisfied and extinguished between the parties, by another judgment due from the appellant to the appellee.

The judgment is affirmed, with costs.

*D. P. Baldwin*, for appellant.

*H. C. Thornton*, for appellee.