[*Special Term, January*, 1871.]

## MARSHALL BROTHERS *v.* S. M. MASSON.

A counter-claim must have a common origin with the claim in the petition, or have had some direct connection with the original transaction in the view of the parties at the time the contract was made.

*Fox & Bird*, for plaintiffs.

*J. H. Getzendanner*, for defendant.

HAGANS, J.   The first cause of action is upon an agreement between the parties for deductions from the price paid for erecting a certain building on the north side of Fifth street between Walnut and Vine, amounting to $753. The second cause of action is upon a count for goods sold and delivered.

The defendant files a counter-claim, in which he avers that plaintiffs violated the building contract by giving to one J. H. Brooke, who was at the same time constructing a building on the east, the right to run up the partition wall between the parties in advance of the other walls of the plaintiffs' building, and to so use the same without defendant's consent and against his protestations as to hinder and delay him in the prosecution of the work on plaintiffs' building, to his damage five hundred dollars, for which he asks judgment.   No time is fixed in the contract for the completion of the work.   To this counter-claim the plaintiffs demurred.

A counter-claim must have some direct connection with the cause of action set up in the petition.   *Evans* v. *Hall*, 1 Handy, 434; *Roots* v. *Nye*, 2 Id. 229.

This counter-claim would not furnish any ground for *indebitatus assumpsit*, and could not therefore constitute a set-off.   But while the court sanctions the principle of recoupment, and provides for the exercise of the right by

way of counter-claim (*Timmons* v. *Dunn*, 4 Ohio St. 680; *Upton* v. *Julian*, 7 Ohio St. 95), it must be such as has a common origin with the claim in the petition, or have had some direct connection with the original transaction in the view of the parties at the time the contract was made.

Demurrer sustained.