RENO *v.* ROBERTSON, ADMINISTRATOR.

JURISDICTION.— *Circuit Court.* — *Decedents' Estates.* — *Set-Off.*—The circuit court has no jurisdiction to entertain a suit to have a claim against an estate set off against a judgment in favor of such estate.

PRACTICE.—*Set-Off of Claim Against Estate Against Judgment.*—While such a claim is not reduced to judgment, the set-off cannot be obtained on mere motion, but a suit must be instituted for that purpose; and if the estate be insolvent, and the defendant in the judgment have no other method of obtaining satisfaction of his claim against the estate but by a set-off of the claim against the judgment, the court of common pleas may grant him relief.

APPEAL from the Jackson Circuit Court.

OSBORN, C. J.—The appellant filed his complaint in the Jackson Circuit Court, and alleged that the appellee as administrator of the estate of Frank Reno, deceased, recovered a judgment against him for five thousand dollars and costs, in the said court at the August term thereof, 1872, upon a demand that accrued to the decedent in his lifetime; that the judgment remained in full force, unreversed and unsatisfied; that the decedent, in his lifetime, on the 27th day of January, 1866, executed his note to his mother Julia A. Reno, for four thousand dollars, with interest from date; that Julia A. died on the 28th day of August, 1868, and by her last will and testament devised all of her personal property to the appellant, including the said note; that the note had duly and legally come to his possession and ownership by virtue of the will of said Julia A.; that he was such owner and holder at and before the death of the decedent; that there is now due and owing thereon the sum of five thousand six hundred and eighty dollars; that the estate of the decedent is wholly insolvent, and has no assets whatever except said judgment; that to compel the appellant to pay the judgment would leave him without remedy for the collection of the note, and be an irreparable injury and loss to him.

The prayer of the complaint is to set off so much of the amount of the note as will be equal to the amount of the

judgment; to declare the judgment satisfied, and that satisfaction be entered thereon, and for judgment for the surplus due him on the note, and for all proper relief.

Copies of the note and will were filed with and made a part of the complaint.

The appellee demurred to the complaint, for the reason 'that it did not contain facts sufficient to constitute a cause of action against him; and, second, that the court had no jurisdiction of the subject-matter in the complaint. The demurrer was sustained; the appellant excepted; final judgment was rendered against him; and he has assigned for error, first, that the court erred in sustaining the demurrer to the complaint; second, that the court should have overruled the demurrer to the complaint, instead of sustaining it.

The main object of the action was to set off the claim of the appellant against the judgment of the appellee, to have one claim satisfy the other.

In *Hill* v. *Brinkley*, 10 Ind. 102, it was held that the court would, on motion, set off judgments of the same court, and the judge delivering the opinion said that the court would thus set off judgments in different courts. In *Howk* v. *Meloy*, 26 Ind. 176, GREGORY, Judge, said the question whether the court would on motion set off judgments of different courts was not before the court in *Hill* v. *Brinkley, supra.* In *Brooks* v. *Harris, ante,* p. 390, it was held that a judgment rendered before a justice of the peace might be set off against one in the court of common pleas.

In *Keightley* v. *Walls*, 24 Ind. 205, it was held that without proof of the insolvency of the defendant, the plaintiff could not by an action for that purpose obtain satisfaction of his own outstanding indebtedness, by compelling a set off of a claim in his own favor, before both had passed into judgment; that where the demands were wholly disconnected, unless there were some special circumstances, such as insolvency or non-residence of the defendant, or other extraneous facts to form the basis of equity jurisdiction, such

relief would not be granted. In *Keightley* v. *Walls*, 27 Ind. 384, it was shown that Keightley held a judgment against Walls; that Walls was insolvent; that he had made a fraudulent assignment of a note owned and held by him against Keightley to one Eckels, who held it for the benefit of Walls; and it was held that the set-off should be allowed and thus satisfy both demands. "In compelling an equitable set-off, the court proceeds upon the ground that one demand is, *pro tanto*, a satisfaction of the other, and that the real indebtedness is merely the balance." The same doctrine is established in numerous cases, and applies to executors and administrators where cross demands exist between the estate and third parties.

In our opinion the complaint stated facts sufficient to constitute a cause of action, and if sustained by evidence, entitled the appellant to the relief prayed for.

We do not, however, think that the appellant could, on motion, have the judgment satisfied under section 377 of the code, on the facts stated in his complaint. It is only after the claims have passed into judgment that one can be used, on motion, to compel satisfaction of the other. *Keightley* v. *Walls*, 24 Ind. 205. Until judgment, that result can be accomplished only by an action instituted for that purpose.

Section four of the act to establish courts of common pleas, 2 G. & H. 20, conferred exclusive jurisdiction upon these courts of all actions against executors and administrators. This being an action to establish a claim against the estate, not yet in judgment, one in which pleadings might be filed and a jury trial had, and not a mere motion to enter satisfaction of a judgment by setting off one against another, we are of the opinion that the circuit court had no jurisdiction, and that the demurrer for the second cause was correctly sustained.

It was suggested in an oral argument by the appellant, that inasmuch as the appellee had his judgment in the circuit court, the complaint would be sustained for the pur-

pose of an injunction to stay proceedings thereon, until judgment could be obtained on the note in the court of common pleas. But the complaint does not show that any steps had been taken to obtain such a judgment or any action other than this one upon the note. On the contrary, it appears from the complaint, we think, that this is the only action instituted, or step taken, to establish the claim of the appellant by the judgment or order of any court.

Of course, this will not prevent the appellant from prosecuting his action in the proper court.

The judgment of the said Jackson Circuit Court is affirmed, with costs.

*W. K. Marshall*, for appellant.

*J. E. McDonald* and *J. M. Butler*, for appellee.