WILLIAM H. BOYER, PLAINTIFF IN ERROR, v. WILLIAM
P. CLARK AND AARON M. McCANDLESS, DEFENDANTS
IN ERROR.

**Set-off.** As a right demandable, set-off can only be applied to the purposes
for which it is conferred by statute; and, in Nebraska, this statutory right
extends only to actions founded on contract, and not to mutual judg-
ments.

———: ———. To set off one judgment against another is not a *legal* power;
it is discretionary, and the propriety of its exercise must be determined
from all the circumstances of each case in which the set-off is sought to
be made.

———: ATTORNEY'S LIEN. The lien of an attorney, upon a judgment
obtained by him, to the extent of his reasonable fees and disbursements,
is paramount to any rights of the parties in the suit or to any set-off.

———; UNLIQUIDATED DAMAGES. A claim for damages, the recovery of
which is still uncertain, or a claim which arises *ex delicto*, cannot be the
subject of set-off.

ON the 27th day of December, 1872, Boyer obtained a
judgment against W. P. Clark, for the sum of $37.89,
and $9.15, costs of suit. At the time Boyer commenced
that action, he procured an order of attachment against the
property of Clark upon the usual undertaking therefor.
Clark employed McCandless as attorney to procure the
dissolution of this attachment, and being unable to pay
McCandless for his services, assigned to him all his right,
title, and interest in said undertaking, and all right of
action that might accrue to him by virtue of the same.
McCandless procured the dissolution of the attachment,
and judgment was then rendered against Clark as above
stated. An action was then brought on the undertaking
by McCandless, but in the name of Clark, for damages
sustained by Clark for the wrongful issuance of the order
of attachment, and judgment thereon rendered against
Boyer for the sum of $10.00 and $6.50 costs of suit.
Clark at once assigned this judgment to McCandless.

11

Boyer then brought his action in the district court, asking that the judgment recovered by him against Clark be set off against the judgment recovered against him by Clark, and assigned to McCandless.    To the petition filed by Boyer, McCandless answered, setting up the facts here stated.    To the answer Boyer filed a general demurrer, which was overruled by the court, and judgment rendered, dismissing the petition, and for costs.    To reverse this judgment the cause was then brought to this court by petition in error.

*Seth Robinson*, for plaintiff in error, presented the following points:

*First.* McCandless' claim to the judgment against Boyer, if it has any basis at all, is founded upon the assignment of the undertaking before the judgment, or the assignment of the judgment afterwards, or his lien as an attorney.    There is no other foundation for it, and if all these fail, his claim must fall to the ground, and Boyer is entitled to a decree.

*Second.* If his claim is founded upon the assignment of the undertaking before judgment, it must fall.    Such an undertaking is a mere chose in action.    1 *Bouv. Law Dict.*, 265.  1 *Pars. Contr.*, 233, *note a.    Gillet v. Fairchild*, 4 *Denio*, 80.    And it is well settled that the assignee of a chose in action, even without notice, unless it be a negotiable promissory note or bill of exchange, takes it subject to all the equities which exist against it in the hands of the assignor at the time of the assignment.    *Bouvier's Law Dict.*, 265, 4.    *Ellis v. Messervie*, 11 *Paige*, 467.    *Murray v. Lylburn*, 2 *Johns.*, *Ch.*, 441.    *Clute v. Robison*, 2 *Johns.*, 595.  1 *Pars. Contracts*, 223, *note a.    Code of Civ. Pro., Gen. Statutes, Sec.* 31, 528.

*Third.* If this be law, and it was never yet questioned,

then it follows, inevitably, that upon suit brought by Clark upon the undertaking, whether for his own benefit or the benefit of his assignee, or upon a suit brought by his assignee in his own name, Boyer was entitled to set off his judgment against Clark. But though he was entitled to do this, he was not bound to do it, and though he omitted to do it, and suffered judgment to go against him by default, and this judgment after its recovery, was assigned for value, the equities of the defendant in such judgment are nevertheless superior to the title of the assignee, and he may maintain a bill to compel a set-off, notwithstanding such assignment. *Dorsey v. Reese*, 14 *B. Mon.*, 157. *Code Civ. Proc., Sec.* 99–102, *Gen'l. Statutes*, 540.

*Fourth.* His claim as assignee of the judgment rests upon no better foundation. For that, too, is a mere chose in action, is not invested with the peculiar character of negotiable paper, and passes to the assignee charged with all the equities which could be asserted against it in the hands of the assignor at the time of the assignment, including the equitable right of set-off. *McJilton v. Love*, 13 *Ill.*, 495. *Chamberlain v. Day*, 3 *Cow.*, 353. *Burtis v. Cook*, 16 *Iowa*, 194. *Duncan v. Bloomstock*, 2 *McCord*, *319. *Ballinger v. Tarbell*, 16 *Iowa*, 491. *Gay v. Gay*, 10 *Paige*, 370. *Dorsey v. Reese*, 14 *B. Mon.*, 157.

*Fifth.* If this claim is to rest upon his lien as an attorney upon the judgment recovered, it must likewise fall. For the lien of an attorney upon the judgment which he obtains, is always subordinate to the equities subsisting between the parties. *Nicoll v. Nicoll*, 16 *Wend.*, 446, *and cases cited. Noxon v. Gregory*, 5 *How. Pr.*, 339. *Hill v. Brinkley*, 10 *Ind.*, 102. *Russell v. Conway*, 11 *Cal.*, 93. *The People v. N. Y. Com. Pleas*, 13 *Wend.*, 649, *and cases cited.*

It may be objected that it does not appear that the

demand upon which Boyer's judgment was recovered was
of a nature to be set-off in a suit under the undertaking.
The answer to that is that the petition makes a *prima
facie* case; the answer does not show that his demand was
not of such a nature, and not being allowed under the
present holding of the Supreme Court to make a reply,
he had a right to show the nature of his demand by proof
upon the trial. In other words, matter which the plain-
tiff might reply in avoidance, if a reply were proper, he
may now prove without replying. *Code of Civ. Pro.*,
*Sec.* 124. *General Statutes*, 545, *note* 1. *McCann v.
McLennan*, 2 *Neb.*, 286.

*E. E. Brown*, for defendant in error, contended.

I. The right to set off one judgment against another
is merely an equitable right. The ground upon which
relief is granted is the equitable control which courts
are authorized to exercise over the parties and pro-
ceedings in cases before such courts to prevent injustice.
The right of set-off is not superior in equity to the equity
of the attorney's lien, and to allow the set-off would be
to do, and not prevent injustice. *Dunkin v. Vanden-
bergh*, 1 *Paige*, 623. *Makepeace v. Coates*, 8 *Mass.*, 451.
*Dunklee v. Locke*, 13 *Mass.*, 525. *Rider v. The Ocean
Insurance Company*, 20 *Pick.*, 259.

II. Unliquidated damages arising from a breach of
contract give no right of set-off, either in law or equity.
At the time the defendant Clark assigned the under-
taking to McCandless, he assigned only a contingent right
of action. The damages, if any, were unliquidated, con-
sequently no right of set-off existed at the time, and no
right or claim that accrued after the assignment can be
made available in set-off. *Hackett v. Connett*, 2 *Edw.
Chan.*, 72.

III. In this case, however, there is still a higher equity in favor of the attorney McCandless, which renders the preceding points immaterial. That is the contract which was entered into by Clark, with McCandless, before the judgment was obtained whereby Clark assigned to McCandless his interest in the undertaking, upon which the judgment was obtained, with any right of action that might accrue thereon. After this agreement was made, Clark ceased to have any interest in the recovery in that action. Whatever judgment he should recover therein, of right belonged to the defendant McCandless, and not to the defendant Clark. In executing the assignment of the judgment, Clark did nothing but what in equity he would have been compelled to do. The plaintiff, therefore, has no claim, either legal or equitable, to have this judgment, which, although recovered in the name of Clark, did not, in fact, belong to him, applied in reduction of the judgment which Clark owes the plaintiff. *Ely v. Cooke*, 28 *New York*, 365.

GANTT, J.

This is an action in equity to set-off one judgment against another. The plaintiff avers that on the 27th day of December, 1872, he recovered a judgment against the defendant Clark, which remains unsatisfied, and that on the 3d day of January, 1873, the defendant Clark recovered a judgment against him; that the defendants refuse to set off this judgment against the plaintiff's judgment, and plaintiff therefore prays that the set-off may be made. The defendant McCandless answers the plaintiff's petition, and avers, that at the commencement of his action, the plaintiff procured an order of attachment to be issued and levied on the property of Clark, and that the defendant Clark employed him to procure the discharge of the attachment, and as compensation for his services, Clark

agreed to assign, and did ·assign to him the undertaking given by plaintiff to procure the issuance of the order of attachment; that the action upon the undertaking was for his sole use and benefit, and that he was the owner of the judgment, and the cause of action upon which the judgment was obtained. To this answer the plaintiff demurs on the ground that the answer does not state facts sufficient to constitute a defence to the plaintiff's petition. The demurrer was overruled by the court below, and judgment of dismissal, and for costs was rendered.

The demurrer admits all the facts stated in the answer, and by this admission, it appears that before the plaintiff had established his claim against the defendant, Clark, by judgment, and before any right of action had accrued to the defendant, Clark, on the undertaking given by plaintiff to procure his order of attachment, the defendant, Clark, had assigned all his interest in the instrument to the defendant, McCandless, who accepted the same as compensation for his services in procuring the discharge of the attachment. This was an assignment of an instrument upon which a cause of action might or might not accrue; a cause of action afterwards did accrue upon the instrument, but at the time and before the right of action accrued, it was the property of the defendant, McCandless.

Now is the plaintiff entitled to have so much of his judgment set off against the judgment recovered in the name of Clark, as shall be equal to it and thereby extinguish said judgment? By section thirty-one of the code, it is only provided that in an action by the assignee of a thing in action, his action shall be without prejudice to any set-off *now allowed;* but negotiable instruments transferred upon good consideration before due, are not subject to set-off. This section, however, simply gives the right of set-off in an action by the assignee, and limits the set-off to such as is *now allowed.* Section one hundred and four provides that the set-off can only be pleaded in an

*action* founded on contract, and must be a cause of action arising upon contract, or ascertained by the decision of the court. At common law a set-off is not allowed. *Ross and Ricker v. Johnson*, 1 *Handy*, 388; but the defendant was entitled to retain or claim by way of *deduction* all just allowances or demands accruing to him, or payments made by him in respect of the same transaction or account which formed the ground of action. But this was not a set-off, in the strict legal sense of the word, because it was not in the nature of a cross demand or mutual debt, but a *deduction* rendering the sum to be recovered so much less. 1 *Chitty's Pleadings*, 601.

Set-off, therefore, as a right demandable can only be applied to the purposes for which it is conferred by statute; and this statutory right extends *only to actions* founded on contract, and not to mutual judgments. Hence, as the code gives the right of set-off, *only in actions* founded on contract, an application to set off mutual judgments is not a statutory right.

The power, however, to do so is an inherent one in the court, and not being conferred by statute, it is not a *legal* power nor its exercise demandable of right; it is discretionary, and the propriety of its exercise must be determined from all the circumstances of each case in which the set-off is sought to be made. *Burns v. Thornburg*, 3 *Watts*, 88. *Holmes v. Robinson*, 4 *Ohio*, 91.

The application being one addressed to the discretion of the court, it will be exercised so as to do equity, and not sanction fraud or inflict injury. "But in order to warrant the set-off, it seems to be well settled that the actual debts must exist in the same right." *Holmes v. Robinson, supra. Duncan v. Lyon*, 3 *Johns Ch.*, 351.

But in the case at bar, the payments are not mutual and do not exist in the same right. The one is owned by the plaintiff, and the other by the defendant, McCandless;

and for this reason, and in view of the fact that McCandless for a good consideration became the owner of the instrument, the subject matter of his action, before it became a ground of action, and therefore acquired an equity equal to if not superior to the claim of the plaintiff, it seems clear a court of equity should refuse the application of the plaintiff.

But it seems clear that the defendant, Clark, never had a cause of action, or such tangible interest in the instrument which could, under any circumstances, be made the subject of, or become subject to set-off. And hence, whether we consider the case as one purely in equity, or in the light of an attorney's lien, I think that McCandless has a superior equity to that of the plaintiff in the subject matter of the action. In *Shapley v. Bellows*, 4 *New Hampshire*, 353, it is laid down as a general rule of law that an attorney has a lien upon a judgment to the extent of his reasonable fees and disbursements in the suit in which it was obtained, and that this right of lien is paramount to any rights of the parties in the suit, or to any set-off.

Again, although Swan in his Treatise seems to argue that unliquidated damages may be made the subject of set-off, under almost any circumstances, under the statutory right, yet I could not find one case in Ohio which goes to the extent of his view of the statute; but on the contrary I find in *Evans v. Hall*, 1 *Handy*, 434, it is held that a claim for unliquidated damages is not the subject of set-off. And I think the weight of authority clearly establishes the rule of law that a claim sounding merely in damages, the recovery of which is still uncertain, or a claim which arises *ex delicto*, cannot be the subject of set-off. *Jones v. Grew*, 1 *Blackf*, 191. *Wright v. Smith*, 3 *Watts. and Serg.*, 534. *Sherman v. Ballou*, 8 *Cow.*, 309. *Hopkins v. Megquire*, 35 *Maine*, 80. *McCracken v. Elder*, 34 *Penn. State*, 239. *Hackett v. Connett*, 2

*Edwd. Ch.*, 72.    *Edwards v. Davis*, 1 *Halst.*, 104, 390. *Nims v. Rood*, 11 *Vermont*, 96.    *Tribble v. Taul*, 7 *Monroe*, 455.  *McKinney v.Bellows*, 3 *Blackf.*, 31.  *Dyer v. Dewy*, 1 *Gill. and John*, 440.    *Burgess v. Tucker*, 5 *Johns*, 107.

In *Duncan v. Lyon*, 3 *Johns Ch.*, 358.    Chancellor Kent says, " that to authorize a set-off the debts must be between the parties in their own right, and must be of the same kind or quality, and be clearly ascertained or liquidated   *   *   *   and courts of law and equity follow the same general doctrines on the subject of set-off."

In any view of the case, the judgment of the district court was right and must be affirmed.

JUDGMENT AFFIRMED.

MR. JUSTICE MAXWELL concurs.