No. 9841.

HANNON ET AL. *v.* HILLIARD.

JUDGMENT.—*Satisfaction.*—*Sheriff's Sale.*—*Rents and Profits.*—*Counter-Claim.* —*Set-Off.*—Suit by the assignee to set aside the satisfaction of a judgment of foreclosure, averring that the satisfaction had been obtained by a void sheriff's sale of the mortgaged premises to the judgment plaintiff, under which he and his vendees took possession, but which had afterwards been vacated. The defendant pleaded by way of set-off, and also as a counter-claim, that, under the sale, the judgment plaintiff had entered upon and occupied the lands until the rents and profits were worth a sum greater than the judgment, and that the judgment plaintiff was insolvent and a non-resident.

*Held,* that both set-off and counter-claim were good on demurrer.

From the Grant Circuit Court.

*H. Brownlee, J. F. McDowell, G. L. McDowell, J. A. Kersey* and *L. D. Baldwin,* for appellants.

*A. Steele* and *R. T. St. John,* for appellee.

FRANKLIN, C.—On the 6th day of June, 1872, one Levi L. Bond recovered in the Grant Circuit Court a judgment and the foreclosure of a mortgage against appellants for the sum

of $1,577.91, under which, on the 25th day of November, 1872, the mortgaged lands were sold to said Bond for the full sum of the judgment, to wit, $1,622.09. The certificate of sale was afterwards assigned to appellee, and on the 13th day of December, 1873, in pursuance thereof, a deed was duly executed to him for said lands by the sheriff of said county, and he immediately took the possession of same, and ever since he and his vendees have had the possession thereof.

At the April term, 1881, of said court, said sale and deed, at the instance and suit of said appellants, were set aside and decreed of no validity, for the reason that John T. Jones, the person who sold the land, was not then the sheriff or deputy-sheriff of said county; and appellee lost the benefit of said purchase.

Satisfaction of said judgment and mortgage was entered of record on account of said sale.

On the 2d day of June, 1881, said Bond duly assigned said judgment to said appellee, upon which day appellee commenced this suit, charging the above facts and that the satisfaction of the judgment and mortgage was wrongfully entered of record, and asking that said satisfaction of said judgment and mortgage be set aside and declared null and void, and that the plaintiff have execution on the said judgment and decree.

Appellants jointly answered by way of set-off, and a cross complaint as a counter-claim. Appellant Audley M. Hannon separately made the same defences.

Separate demurrers were sustained to each of the answers and cross complaints, to which exceptions were reserved; and, appellants refusing to answer over, judgment was rendered for appellee, cancelling and setting aside said satisfactions, and ordering execution to issue on said judgment and decree.

Errors have been assigned in this court upon the rulings on said demurrers.

The answers and counter-claims each set up in substance the same state of facts, alleging that the rents for the use and occupancy of the premises received by appellee and his ven-

dees during the time they held the possession of the lands under the sale thereof and satisfaction of the judgment and mortgage, exceed the amount of said judgment and interest, the rents amounting to the sum of $4,000; and alleging that the appellee is insolvent, and a non-resident of the State of Indiana, and that if said judgment is collected of said appellants they will have no means of collecting said rents.

The question presented by counsel is, can a set-off or counter-claim be pleaded in this kind of action?

Counsel for appellee claim that he is only seeking to correct the error of the satisfaction of the judgment and mortgage that had been entered of record; that he is not asking for any judgment for damages, or to enforce the original judgment; that if the satisfaction is set aside, and he attempts to enforce the judgment, the matters herein set forth as a defence might be made available, if true, by way of injunction against the enforcement of the judgment, but can not be investigated in this proceeding. While appellants' counsel claim that the rents, under the circumstances surrounding the case, constitute an equitable offset to the judgment and to the cancellation of its satisfaction, and that the rents arise out of and are directly connected with the sale and possession of the land which produced the satisfaction of the judgment and mortgage, and constituted a good cause of action by appellants against appellee, and thus constituted a good equitable set-off and counter-claim in this court.

The claim in the complaint is a little more comprehensive than insisted upon by appellee's counsel. It asks to have an execution issued upon the judgment after the satisfaction has been set aside, and the court, in its judgment, decreed accordingly. The 377th section of the code provides that "Satisfaction of a judgment, or credits thereon, may be ordered for sufficient cause, upon notice and motion." Whatever would be sufficient cause for entering satisfaction of, or credit on, a judgment, we think ought to be held sufficient cause to prevent the cancellation and setting aside of a satisfaction or credit

already entered. These defences are not proceedings under a motion for satisfaction, but are in the nature of injunctive complaints to prevent a satisfaction from being set aside. A judgment in a court may be offset by another judgment in the same court. *Hill* v. *Brinkley*, 10 Ind. 102.

A judgment may be offset by a judgment in a different court. *Howk* v. *Melloy*, 26 Ind. 176; *Brooks* v. *Harris*, 41 Ind. 390.

In the case of *Keightley* v. *Walls*, 24 Ind. 205, it was held that, without proof of the insolvency of the defendant, the plaintiff could not, by an action for that purpose, obtain satisfaction of his own outstanding indebtedness, by compelling a set-off of a claim in his own favor, before both had passed into judgments; that where the demands were wholly disconnected, unless there were some special circumstances, such as insolvency or non-residence of the defendant, or other extraneous facts to form the basis of equity jurisdiction, such relief would not be granted. *Keightley* v. *Walls*, 27 Ind. 384. In the latter case, between the same parties, the court held that, " In compelling an equitable set-off, the court proceeds upon the ground that one demand is, *pro tanto*, a satisfaction of the other, and that the real indebtedness is merely the balance."

In the case of *Reno* v. *Robertson*, 41 Ind. 567, this court said: " We do not, however, think that the appellant could, on motion, have the judgment satisfied under section 377 of the code, on the facts stated in his complaint. It is only after the claims have passed into judgment that one can be used, on motion, to compel satisfaction of the other. \* Until judgment, that result can be accomplished only by an action instituted for that purpose."

This is an equitable proceeding on the part of the appellee, as well as appellants, and both are entitled to equal equities. While the judgment stands satisfied of record the claim for payment is of no higher authority than appellants' for rents; and it would certainly be inequitable to allow the plaintiff to

retain the rents and collect his original judgment with interest, while this is the only means the defendants have to realize their rents, the plaintiff being a non-resident and insolvent. But while these facts may not be properly pleaded as a set-off, they constitute a good, equitable defence and counter-claim to the cause of action.

The 59th section of the code reads: "A counter-claim is any matter arising out of, or connected with the cause of action, which might be the subject of an action in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand for damages."

In the case of *Woodruff* v. *Garner,* 27 Ind. 4, it was held by this court that a counter-claim comprehends much more than recoupment; it embraces, also, what was known as the cross-bill in equity against the plaintiff.

In that case the plaintiff brought an action to rescind a contract for the exchange of land he had deeded to the defendant for the land that he was to get, but retained possession thereof, and sought to set aside the deed for fraud in its procurement; the defendant denied the fraud and filed a counter-claim for the possession of the land deeded to him, and for rents. The court held the counter-claim to be good; that the possession of the land and rents were properly connected with the deed charged to be fraudulent.

A purchaser of land under a void judicial sale must, in a proceeding to recover back the purchase-money, with interest, account for the rents and profits received by him while in the possession of the premises. *Arnold* v. *Cord,* 16 Ind. 177; *Taylor* v. *Conner,* 7 Ind. 115.

The 625th section of the code provides that whenever any land sold by a sheriff is afterwards recovered in the proper action by any person originally liable, or in whose hands the land would be liable to pay the demand or judgment for which or for whose benefit the land was sold, or any one claiming under such person, the plaintiff shall not be entitled to the possession of the land until he has refunded the pur-

chase-money, with interest, deducting therefrom the value of the use, rents and profits.

Thus it will be seen that in case of a void sale of land by a sheriff, the purchaser can not recover back the purchase-money without accounting for the rents, and the owner can not recover the possession of the land without refunding the purchase-money, deducting the rents; in either event, the rents must be accounted for as being directly one of the effects of a void judicial sale. If a purchaser who pays his money can not recover it back without accounting for rents, for the same reason, where the purchaser is the judgment plaintiff and satisfies his judgment as a payment of the purchase-money, he can not set aside the satisfaction and reinstate his judgment without accounting for the rents received. The obtaining of a judgment for the purchase-money would have no more force and validity than setting aside the satisfaction and reinstating the old judgment would have.

The fourteenth section of the act in relation to leases, landlords and tenants, 2 R. S. 1876, p. 342, provides that "The occupant without special contract, of any lands, shall be liable for the rent, to any person entitled thereto."

Appellee, without special contract, occupied the premises, under a void judicial sale, and became liable to the owner thereof for rents. The facts stated in the counter-claim show a good cause of action in favor of appellants against appellee. And we think they arise out of and are so directly connected with the cause of action, the sale of the land, the possession thereof, and the entering of satisfaction of the judgment and mortgage, as to constitute a good counter-claim in an action to set aside the satisfaction of the judgment and mortgage, and to obtain an execution on the judgment. If they would constitute a good cause of action to enjoin an attempted enforcement of the judgment, after the satisfaction was set aside, why would they not be sufficient to prevent the satisfaction being set aside? Why, at a heavy expense and waste of time, pass through two or three suits, over matters that can be just as

well adjudicated and settled in the one suit at the beginning, and avoid a multiplicity of actions? We see no good reason for not doing so, especially when the plaintiff is insolvent and a non-resident of the State. We think the counter-claims are well pleaded, and that the court below erred in sustaining the demurrers to the counter-claims. For which errors the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is in all things reversed, at appellee's costs, and that the cause be remanded, with instructions to the court below to overrule the demurrers to the answers and cross complaints, and for further proceedings in accordance with this opinion.