Keifer, Sheriff, *et al. v.* Summers *et al.*

No. 16,431.

KEIFER, SHERIFF, ET AL. *v.* SUMMERS ET AL.

COSTS.—*Judgment for.*—*Assignment of Fees.*—*Set-Off.*—Where parties against whom judgment for costs has been rendered have procured an assignment to them of certain of the fees which had accrued in such case, such parties are entitled to have the fees thus assigned set off against the judgment for costs; and the judgment and execution are good only for the difference between the fees held by the judgment defendants and the judgment for costs.

SAME.—*Fees.*—*Interest, Not Entitled to.*—While a judgment for costs, as any other judgment, bears interest according to law, there is no statute providing for interest on fees, and the witness or officer takes his fees as taxed, without interest.

SAME.—*Judgment for.*—*Personal Property.*—*Fees, Liability for.*—*Payment.*—*Credits.*—A judgment for costs is the personal property of those in whose favor it is rendered, and the parties against whom such judgment is rendered owe a judgment for costs, but do not owe the fees; the fees are collectible from the parties who procured the services for which the fees are due, and could be collected from no one else. And, in such case, the judgment defendants could not pay fees owing by the judgment plaintiffs, and then call upon such plaintiffs to give them credit for such payment; for no one can volunteer to pay another's debt and then insist on repayment.

From the Shelby Circuit Court.

*T. B. Adams* and *I. Carter*, for appellants.

*B. F. Love, H. C. Morrison, O. J. Glessner* and *D. L. Wilson*, for appellees.

HOWARD, C. J.—This is a suit in relation to fees and costs.

On June 22, 1887, in a former suit between the parties hereto, other than the sheriff, a judgment for costs was rendered against the appellees in this suit and in favor of the appellants, other than the sheriff, in the sum of $596.90.

On June 24, 1891, an execution upon this judgment was issued to said sheriff for the full amount thereof, and

was by him levied upon certain personal property of the appellees. On October 7, 1891, the appellees filed their complaint in this case in two paragraphs.

In the first paragraph it is alleged, amongst other things, that before the issuing of said execution the appellees had paid to the clerk $171.50 on said judgment; that the appellees had also purchased and had assigned to them by the owners thereof certain fees amounting to $457.45, which had accrued and been duly taxed in said former suit, and for the recovery of which, in part, said judgment had been rendered, and which fees, so assigned to appellees, were due by appellants; that since the issue of the execution the appellees, had paid to the sheriff thereon the further sum of $44.82.

Appellees claimed that said sums so paid to the clerk and sheriff, together with the amount of said fees so owned by appellees as assignees of the persons to whom the fees were taxed, and so due by appellants, amounted to more than enough to offset and pay the whole of said judgment and the costs of execution.

They asked, therefore, that the sheriff be enjoined from selling the property levied upon until the final hearing of the cause, and that it be decreed by the court that said payments have been made upon said judgment as alleged; that appellees are the owners of the fees so assigned to them; that the fees so owned are an offset for a like amount of said judgment, and that said judgment and execution are fully compensated, paid and satisfied.

The amended second paragraph of complaint is similar to the first, except that while in the first paragraph it is alleged that the fees aforesaid were purchased by and assigned to the appellees, it is averred in the amended second paragraph that said fees were paid by appellees to the persons in whose favor they were taxed.

Separate demurrers, for want of facts, were overruled to each of the paragraphs of the complaint.

The appellants then filed their separate answers, being in general denial, and also special pleas. Demurrers having been sustained to the special pleas, the appellants withdrew their answers in general denial and elected to abide by the special paragraphs. A decree was then entered in favor of the appellees, declaring the judgment for costs fully paid and satisfied, and directing the sheriff to relinquish his levy and to return the execution.

The suit in which the judgment for costs, so decreed to be satisfied, was rendered, was brought by appellees to set aside the last will of Milton L. Copeland, Sr., deceased. The appellant Milton L. Copeland, Jr. is the executor of the last will of said decedent, and in the fourth paragraph of his answer to the complaint in this case he avers, amongst other things, that all the costs for which appellants recovered said judgment were made by him as such executor, and that the said judgment for costs belongs to the estate of said decedent, and is a part of said estate; that all the fees which it is alleged in the complaint that appellees purchased and had assigned are a part of said costs; that said estate is now in course of settlement in said court and is insolvent, and that there will not be enough property belonging to said estate, including said judgment for costs, to pay more than one-third of the expenses of administration.

While numerous errors are discussed by counsel, yet the only question that need be considered is as to the legal effect, if any, of the payment by, or assignment to, appellees of fees due by appellants, and for which appellants had judgment against appellees.

Fees are moneys due to witnesses and officers for services rendered in court. They are a part of the costs of the action, and are due from the party who procured the

Keifer, Sheriff, *et al. v.* Summers *et al.*

services.  If the party who has made such costs, and who owes such fees, is successful in the litigation, the court will award him a judgment against the defeated party, and this judgment will include whatever costs the successful party has been compelled to make.  This judgment for costs is the sole property of the person in whose favor it is rendered, as much so as any other judgment. *Hays* v. *Boyer*, 59 Ind. 341; *Miller* v. *State, ex rel.*, 61 Ind. 503.

It is clear, therefore, that the judgment for costs, which was sought to be enjoined and declared satisfied in this case, was the personal property of the appellants; it belonged wholly to them.  It is also clear that the appellants owed certain fees referred to in the complaint. These fees could be collected by fee bill from appellants, who had procured the services for which the fees were due; they could be collected from no one else.  Appellees did not owe the fees; they did, however, owe a judgment for the costs.

In the amended second paragraph of the complaint, it is averred that appellees paid the fees due by appellants. Appellees could not thus pay debts due by appellants, and then call upon appellants to give them credit for such payment.  It is every man's business to pay his own debts.  No one can volunteer to pay another's debt and then insist on repayment.  The amended second paragraph of the complaint is certainly bad.

In the first paragraph of the complaint, it is averred that the fees in dispute were assigned to appellees, and it is argued, therefore, that the fees so assigned are held by appellees as an equitable set-off against so much of the judgment for costs held by appellants.  This would seem reasonable.

Mutual judgments may be set off against each other. *Howk* v. *Meloy*, 26 Ind. 176; *Meloy* v. *Howk*, 32 Ind. 94;

*Reno* v. *Robertson, Admr.,* 41 Ind. 567; *Heavenridge* v. *Mondy,* 49 Ind. 434; *Shirts* v. *Irons,* 54 Ind. 13; *Hannon* v. *Hilliard,* 83 Ind. 362; *Gillette* v. *Hill,* 102 Ind. 531.

In *Law* v. *Vierling,* 45 Ind. 25, in a suit upon a promissory note, a set-off of docket fees, taxed by a justice of the peace in favor of the defendant as prosecuting attorney, was held good.

The fees assigned to appellees in this case might be collected from appellants by fee bill; and it would seem that such fee bill of appellees might stand in equity against appellants' execution, the fees in the one writ being the same identical charges as the costs in the other.

As said in *Hannon* v. *Hilliard, supra:* "This is an equitable proceeding on the part of the appellee, as well as appellants, and both are entitled to equal equities."

While the definition of counterclaim, as being "matter arising out of, or connected with, the cause of action," would appear to cover more nearly the nature of appellees' claim in this case, yet it is even stronger than a counterclaim, inasmuch as there is no need of any action on the part of appellees. The fees are taxed and assigned, and their taxation is in the nature of a judgment, upon which a fee bill may issue. It is a question of fees on the one hand and costs on the other, both being identical as charges in the same suit, and both of which are collectible by writ, without further action of court.

It has been held in Pennsylvania, that judgments are set off against each other, not by force of statute, but by the inherent power of the courts immemorially exercised, being almost the only equitable jurisdiction originally appertaining to them as courts of law. An equitable right of setting off judgments, however, is permitted only

where it will infringe on no other right of equal grade. Thus a judgment for costs, in favor of an administrator as such, can not be set off against a personal judgment against such administrator.    *Ramsey's Appeal*, 2 Watts, 228; *McWilliams* v. *Hopkins*, 1 Whar. 275.

So, in England, the courts frequently exercise the power of allowing the costs, or the debt and costs, or the damages and costs, in one action, to be deducted, or set off against those in another; and this practice does not depend on the statutes of set-off, but on the general discretionary power of the courts over their suitors; and it appears to have been allowed, even where the parties have not been precisely the same in the two actions, and also where the actions have been brought in different courts.    Marshall Law of Costs, 312; Gordon Law of Costs, 230; Wadlinger Law of Costs, 74.

Counsel for appellants, in arguing against the ruling of the court sustaining the demurrer to the appellant administrator's fourth paragraph of answer, contend that the fees owned by appellees are not held in the same right as are the costs owned by appellants; for the reason that the judgment for costs belongs to, and is a part of, the estate of the administrator's decedent, and that said estate is insolvent; so that the costs should be collected and paid out by the administrator upon claims against said estate, according to priorities, as directed by the statute in settlement of insolvent estates.

The question is, however, whether the fees and costs in the case before us are in the same right as to each other, and whether the parties bear the same relation to each other in respect to such fees and costs.    The question is not what will either party do with the fees or costs which may be collected, but whether the fees owned by one party are in the same right as the costs owned by the other, and whether they may, therefore, be mutually set

off against each other. There is here no statutory or other right of exemption affecting the question.

We think it clear that such fees and costs may be so set off, and that the court might rightfully decree the satisfaction of either fees or costs to the extent of such set-off. *McOuat* v. *Cathcart*, 84 Ind. 567; *Meloy* v. *Howk, supra; Reno* v. *Robertson, Admr., supra.*

It is further contended that the first paragraph of the complaint shows that the judgment for costs has not been fully paid, and that this paragraph is, therefore, insufficient to authorize the decree of satisfaction and injunction prayed for. We think this contention must prevail. An inspection of the paragraph of complaint fails to show that all the payments claimed, including the set-off by way of assigned fees, are equal to the amount of the judgment and interest.

It is true that the pleading claims interest in favor of appellees on the assigned fees; this, however, can not be allowed. Interest is allowable only by reason of the statute. But while a judgment for costs, as any other judgment, bears interest according to law, there is no statute providing for interest on fees. The witness or the officer takes his fees as taxed, and not with interest.

An execution defendant can not maintain an action to enjoin the collection of a judgment, or, what amounts to the same thing, to decree the satisfaction of the judgment, so long as he fails to pay or tender all that is due. *Palmer* v. *Glover*, 73 Ind. 529; *Russell* v. *Cleary*, 105 Ind. 502; *Eaton* v. *Markley*, 126 Ind. 123.

The judgment is reversed, with instructions to sustain the demurrers to each paragraph of the complaint, and for further proceedings.

HACKNEY, J., took no part in the decision of this case.
Filed Jan. 4, 1894.

Keifer, Sheriff, *et al. v.* Summers *et al.*

ON PETITION FOR A REHEARING.

HOWARD, C. J.—The appellees ask for a rehearing of this case, contending that the complaint showed facts that entitled them to an order setting off the fees held by them against an equal amount of costs held by the appellants, and that the execution for costs should have been decreed satisfied to an amount equal to such fees.

We think that the complaint and the judgment of the trial court were sustained to that extent. The opinion states: "The question is * * * whether the fees owned by one party are in the same right as the costs owned by the other, and whether they may, therefore, be mutually set off against each other. * * * We think it clear that such fees and costs may be so set off, and that the court might rightfully decree the satisfaction of either fees or costs to the extent of such set-off."

The complaint, however, proceeded upon the theory not only that such set-off of fees against costs might be had, but also that the fees so set off were equal to the costs, and, consequently, prayed "that the court adjudge and decree that said judgment is fully compensated, paid and satisfied, and that said execution is fully compensated and satisfied."

That was the end and object aimed at by the complaint, and we must treat the complaint here according to the theory on which it was drawn, and upon which it was treated in the trial court. The fees not being equal to the judgment for costs and interest, there could be no cancellation of the judgment nor relinquishment of the levy. Appellees are entitled to the set-off, so far as it reaches, and the judgment and execution are good only for the difference between the fees held by appellees and the judgment for costs held by appellants.

Appellees strenuously argue that they are entitled to interest upon their fees. Interest, however, as already said, is a creature of the statute; and there is no statute authorizing interest upon fees, while the statute does provide that all judgments, including judgments for costs, shall bear interest.

This question, and some others ably discussed in the brief for a rehearing, have already been fully considered in the opinion.

The petition for a rehearing is overruled.

Filed Mar. 16, 1894.