Hays *et al. v.* Boyer.

———◆———

HAYS ET AL. *v.* BOYER.

JUDGMENT FOR COSTS.—A judgment for costs in favor of a party to an action is absolutely his, whether he has or has not advanced such costs.

SAME.—*Payment to Clerk.—Evidence.*—Prior to the act of March 9th, 1875, 2 R. S. 1876, p. 17, authorizing clerks to receive money in payment of judgments of record, a payment, to a clerk, of any portion of any judgment of record, whether rendered for costs or otherwise, was no payment to the judgment plaintiff. And, where payment of a judgment for costs, pleaded as a set-off, was alleged, a receipt of the clerk, acknowledging the receipt of payment of such judgment, prior to the taking effect of such act, unaccompanied by proof that the same had been received by the judgment plaintiff, was not proper evidence to establish payment.

SET-OFF.—*Judgment on Which Stay has not Expired.*—The fact that the time of stay of execution, allowed by law on a judgment upon which replevin bail has been entered, has not expired, does not prevent the owner of the judgment from setting it off in an action against him by the judgment debtor.

From the Hancock Circuit Court.

*H. J. Dunbar*, for appellants.

*W. R. Hough*, for appellee.

WORDEN, J.—This was an action by the appellants, against the appellee, commenced and tried in the Court of Common Pleas of Hancock county.

The complaint sought to recover eighty-five dollars, for lumber sold and delivered by the plaintiffs to the defendant for a barn, and to enforce a lien on the barn for the amount.

In the third paragraph of the defendant's answer, he

pleaded by way of set-off a judgment recovered in the Hancock Circuit Court, on the 24th day of February, 1871, by the defendant, against the plaintiffs, for the sum of $87.42.

The plaintiffs replied to the third paragraph of answer, first, in denial, and, third, payment.

Trial by jury, resulting in a verdict for the plaintiff for the sum of $75.92. Of this sum the plaintiffs remitted the amount of $6.98, and judgment was rendered in their favor for the residue. The court also rendered judgment, in favor of the plaintiffs, against the defendant, for costs in the cause made on and after the 12th day of July, 1871, amounting to $49.23, and in favor of the defendant, against the plaintiffs, for the costs made prior to that time, amounting to $119.09.

The defendant properly moved for a new trial, but the motion was overruled, and the question involved in the motion is preserved by a bill of exceptions.

The appellants have assigned error upon the ruling of the court in relation to the costs, and the appellee has assigned a cross-error upon the overruling of his motion for a new trial.

From the view which we take of the case, the judgment will have to be wholly reversed, on the appellee's assignment of error, for error committed anterior to that complained of by the appellants, in relation to the costs; wherefore it will be unnecessary to consider the question made by the appellants as to the costs.

On the trial of the cause, the defendant gave in evidence the record of the judgment set up in the third paragraph of his answer, whereby the defendant herein recovered of the plaintiffs herein the sum of $87.42, for his costs in an action which the plaintiffs had brought against the defendant, but which was dismissed by the plaintiffs. The judgment was rendered February 24th, 1871, and execution thereon had been stayed by the entry of replevin bail

The plaintiffs at the proper time, in order to show that

the judgment had been paid, offered in evidence several receipts of the clerk of the circuit court entered upon his fee book, in which the costs in said cause were stated, showing that the plaintiffs had paid the costs in the cause to the clerk. The last receipt is as follows:

"Rec. July 12th, 1871, of pl'ffs, $48.62, bal. of costs in this cause.                    H. A. Swope."

The defendant objected to the introduction of the receipts in evidence, because they were incompetent, irrelevant and immaterial; but the objection was overruled, and the receipts admitted in evidence, and the defendant excepted.

The question arises, whether the payment to the clerk operated as a payment of the defendant's judgment.

The costs which a party recovers from his adversary are those which be incurs during the progress of a cause, and which he is supposed to pay as they accrue, and upon final judgment against his adversary he recovers them back. Practically, it is presumed that costs are seldom paid as they are made; but, if not, the party making them is liable to the person or officer to whom they are due, who may cause them to be collected by fee bill. 2 R. S. 1876, p. 197, sec. 404. Whether the party making costs pays them as they are made or incurs a liability for them only, he recovers them back from his adversary upon obtaining final judgment against him.

A judgment in favor of a party for costs is, therefore, as much his own property and under his own control as a judgment for a debt sued for.

The clerk of a court is not the agent of a party owning a judgment rendered in the court of which he is clerk, to receive the money due on the judgment, and is not authorized to do so unless empowered by statute. At the time the money in this case was paid to the clerk, there was no statute, that we are aware of, which authorized him to receive it. In 1875, however, an act was passed authorizing the clerks of the several courts throughout the State

to receive money in payment of all judgments, dues and demands of record in their respective offices, etc., and a corresponding bond is required. 2 R. S. 1876, p. 17. This statute was not in existence at the time the money in question was paid, and can have no application to the case.

The payment of the money by the plaintiffs to the clerk could not operate as a payment of the judgment, any more than if they had paid it to any other person. It may be observed, that the defendant in no manner ratified the payment to the clerk; for the latter testified that he had not paid out any of the money on fees, and had never notified the defendant of the payment.

We are of opinion that the court below erred in admitting the clerk's receipts in evidence, as payment to him did not discharge the judgment, but left it in full force. The receipts, therefore, were incompetent, irrelevant and immaterial.

But the appellants insist that the judgment was not a proper set-off, because the time for the stay of execution had not expired when it was offered as a set-off. The statute provides, that a set-off shall be " matured, at or before the time it is offered as a set-off." 2 R. S. 1876, p. 62, sec. 57. We are of opinion, however, that the judgment was " matured," within the meaning of the law, as soon as it was rendered. The stay of execution did not render the judgment immature, but simply delayed its collection on execution for the time provided for by the statute.

The judgment below is reversed, at the costs of the appellants, and the cause remanded for a new trial.