MILLER v. THE STATE, EX REL. HARRINGTON ET AL.

PRACTICE.—*Superior Court.—Supreme Court.—Assignment of Error.*—On appeal from the Marion Superior Court to the Supreme Court, the only proper assignment of error is, that the Superior Court, in general term, erred in its judgment.

SAME.—An alleged error of the Superior Court, in special term, which is not assigned on appeal to the general term, can not be assigned in the Supreme Court on appeal.

CONSTABLE.—*Action on Bond for Failure to Make Levy.—Supreme Court.*—In an action against a constable and his sureties, upon his official bond, on the relation of a judgment creditor, it was alleged in the complaint, and evidence was given on the trial tending to show, than an execution had been issued on a judgment of a justice of the peace, in favor of the

relator, against another; that it was placed in the hands of the defendant for collection; that, though such execution defendant had property within the defendant's bailiwick, subject to execution, and sufficient to satisfy the relator's claim, the defendant had failed and refused to levy on the same, though requested so to do and the property pointed out by the relator, and had returned the execution unsatisfied.

*Held*, that a finding against the defendant will not be disturbed by the Supreme Court on appeal.

Same.—*Judgment for Costs.*—*Damages.*—In such action it is proper that the judgment include the costs recovered by the plaintiff against such judgment defendant, whether they have ever been paid by the relator or not.

Same.—*Evidence.*—*Docket of Justice of Peace.*—The docket of such justice containing such judgment, when properly identified, is competent evidence to establish the rendition of such judgment.

From the Marion Superior Court.

*S. A. Buell* and *P. W. Bartholomew*, for appellant.

*G. T. Morton* and *H. W. Harrington*, for appellees.

Howk, J.—In this action, the relators of the appellee sued the appellant and two other persons, his sureties, upon the official bond of the appellant, as a constable of Marion county, Indiana.

In their complaint, the appellee's relators alleged, in substance, that, on the 26th day of October, 1874, at said Marion county, the appellant and his sureties, by their writing obligatory of that date, a copy of which was filed with, and made part of, said complaint, acknowledged themselves held and firmly bound unto the appellee, the State of Indiana, in the sum of one thousand dollars, which writing obligatory was subject to the condition thereunder written; that the appellant thereupon took upon himself the duties of the office of constable of said county, and acted as such at the time of the commission by him of the wrongs thereinafter stated; that, on the 17th day of April, 1875, before C. C. Glass, Esq., a justice of the peace of Centre township, in said county, then and there lawfully acting as such, the relators recovered judgment against one Nicholas Simpson for one hundred dollars and costs of suit, and on said day filed an

affidavit for immediate execution thereon, which was then issued, directed to the appellant as such constable, commanding him to make, by levy and sale of the goods of said Simpson, the amount of said judgment, costs and accruing costs, which execution then and there came to the appellant's hands, to be by him executed according to law; that, at the time said execution was issued and came to the appellant's hands, and for a long time thereafter, said Simpson was the owner, and had possession, of goods and chattels, subject to said writ, of the value of one thousand dollars, out of which said writ could and ought to have been made; all of which the appellant, as such constable, at the time well knew, yet failed and refused to levy said writ thereon, though specially requested by the relators so to do; that, on the 7th day of October, 1875, said execution was returned by the appellant unsatisfied, together with the schedule of said Simpson; that said judgment and costs remained wholly unpaid; and that, by reason of the appellant's wrongful acts aforesaid, the relators had been damaged in the sum of two hundred dollars, which was due and wholly unpaid. Wherefore, etc.

The defendants jointly demurred to the complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, which demurrer was overruled, and to this decision they excepted.

The appellant separately answered in three paragraphs, the first being a general denial, and each of the others setting up affirmative matters by way of defence.

The appellee's relators demurred to each of the second and third paragraphs of the appellant's answer, for the want of sufficient facts therein to constitute a defence to the action, which demurrers were severally sustained, and to each of these decisions the appellant excepted.

The other defendants jointly answered in three paragraphs. The first paragraph was a general denial. The second paragraph was a " written complaint " against the

appellant, under section 674 of the practice act, stating that they were the appellant's sureties in the bond in suit, and praying judgment accordingly. The third paragraph set up an affirmative defence, to which paragraph the demurrer of the appellee's relators, for the want of sufficient facts, was sustained, and to this ruling the said other defendants excepted.

The issues joined were tried by the court without a jury, and a finding made for the appellee's relators, against the appellant, as principal, and the other two defendants, as his sureties, and assessing their damages in the sum of one hundred and seventeen dollars and fifteen cents, without stay of execution or relief from valuation laws, and judgment was rendered accordingly.

The appellant separately moved the court for a new trial, which motion was overruled, and to this decision he excepted. The appellant alone appealed from the judgment of the special term to the court below in general term. In this latter court, the judgment of the special term was affirmed, and from the judgment of the court in general term, the appellant alone has appealed to this court.

In this court, the appellant has properly assigned as error the judgment of the court below in general term, affirming the judgment of said court at special term. The appellant has also assigned in this court, as errors, the decisions of the court below in special term, overruling his demurrer to the complaint, and sustaining the relators' demurrers to the second and third paragraphs of his answer.

The decisions of the court in special term on these demurrers, adverse to the appellant, were not complained of by him as errors in the court below in general term. The decisions of the court in special term can not be assigned as errors for the first time in this court; for it is settled, that, on an appeal to this court from the Marion Superior Court in general term, the only proper

assignment of error in this court is, that the court below in general term erred in its judgment.   This assignment of error is predicated upon, and brings before this court, the errors assigned in the court below in general term. *Wesley* v. *Milford*, 41 Ind. 413; *The Indianapolis, etc., Union* v. *The Cleveland, etc., Railway Co.*, 45 Ind. 281; and *Alexander* v. *The North-Western Christian University*, 57 Ind. 466.

In the court below in general term, the appellant properly assigned as error the decision of said court at special term, in overruling his motion for a new trial.  The causes for such new trial, assigned in the motion therefor, were as follows:

1.  In awarding judgment for the appellee's relators against the appellant, for the costs in the case of said relators against Nicholas Simpson, before C. C. Glass, Esq., a justice of the peace of Centre township, in said Marion county;

2.  Error of the court in assessing the amount of recovery, the same being too large;

3.  The finding and judgment were not sustained by sufficient evidence;

4.  The finding and judgment were contrary to law;

5.  Error of the court in admitting in evidence the bond of the appellant, as constable, when the same was not approved by the clerk of the civil circuit court of said Marion county, under the seal thereof; and,

6.  Error of the court, in admitting the docket of Esquire Glass, justice of the peace, to prove the record of the case of *Henry W. Harrington et al.* v. *Nicholas Simpson*, over the appellant's objection, the genuineness of said record having been proved only by the oral testimony of a witness, then in court, claiming to be such justice, instead of requiring such proof to be made by an exemplification of such record, duly authenticated, as required by section 283 of the practice act and section 19 of the act in relation to justices of the peace.

The first point made by the appellant's counsel, in their argument of this cause in this court, is, that the court below, at special term, erred in sustaining the demurrers of the appellee's relators to the second and third paragraphs of the appellant's answer. The decisions upon these demurrers were not assigned by the appellant, as errors, in the court below, in general term; and, as we have seen, they can not properly be assigned as errors, for the first time, in this court. It follows, therefore, that the question, as to the correctness of the decisions upon the demurrers to the second and third paragraphs of the appellant's answer, is not properly before this court, and can not be considered.

It is insisted by the appellant, that the court, at special term, erred in assessing as a part of the amount of recovery, in this action, the costs recovered by the appellee's relators on their judgment against Simpson, in the justice's court. It is said, that the relators could not recover these costs, " unless they had been obliged to pay and had actually paid them."

In our opinion, this position is not well taken. The appellee's relators had as good right to recover from the appellant, in this action, the costs of their judgment against Nicholas Simpson, before the justice, as they had to recover the principal itself of their judgment; and this is so, without regard to the question whether they had or had not actually paid such costs. They had judgment for the costs, and the costs belonged to them.

In the recent case of *Hays* v. *Boyer*, 59 Ind. 341, in discussing the subject now under consideration, it was said by WORDEN, J.:

" Whether the party making costs pays them as they are made or incurs a liability for them only, he recovers them back from his adversary upon obtaining final judgment against him.

" A judgment in favor of a party for costs is, therefore,

as much his own property and under his own control as a judgment for a debt sued for."

It is clear, therefore, we think, that, if the appellee's relators were entitled to a recovery, in this action, the court did not err in including in the amount of such recovery the costs, which formed a part of their judgment before the justice.

The appellant's counsel have devoted the most of their argument of this cause, in this court, to the discussion of the alleged insufficiency of the evidence to sustain the finding of the court below, at special term. It is not necessary for us, we think, to set out the evidence in this opinion. We have carefully examined and considered all the evidence in the record; and we have reached the conclusion, that this evidence tended to establish every material fact necessary to be established, in order to fix the liability of the appellant, on his official bond, for a breach of his official duty to the appellee's relators, as alleged in their complaint.

The evidence tended to establish these facts: That the appellee's relators had a judgment against Nicholas Simpson, rendered by a justice of the peace of Centre township, in said Marion county; that an execution, issued on said judgment, was in the hands of the appellant, an acting constable of said township, by his deputy, from the 17th day of April, to the 7th day of October, 1875, to be executed; that, within that time, the said Simpson was the owner of personal property, subject to execution, within said township, much more than sufficient to satisfy said execution; that the relators informed the appellant what the property was, and where it was, and ordered him to levy the execution thereon, agreeing to indemnify him if he made such levy; and that the appellant failed and neglected to make such levy, and, on the day last named, returned said execution unsatisfied. Under these facts, it seems to us, that the court, at special term, did

not err in its finding and judgment in this action.  *The State, ex rel. Lines,* v. *Sandlin,* 44 Ind. 504.

The appellant's counsel also complain in argument of the decision of the court, at special term, in overruling the demurrer to the complaint.  But this decision was not assigned as error in the court below, in general term; and, therefore, the question of the sufficiency of the complaint is not properly presented, in this court.

Only one other point is presented by the appellant's attorneys, in their brief of this cause, and that is the alleged error of the court, at special term, in admitting in evidence the docket of the justice, after he had identified such docket by his oral testimony.  'This point is not well taken.  It is claimed by counsel in argument, as we understand them, that because section 280 of the practice act provides that a copy of the proceedings and judgment of any justice of the peace of this State, certified under his hand and seal, or under the hand and seal of the justice having the legal custody thereof, as a true and complete copy thereof, should be received as evidence in the courts of this State; therefore, the original record of such proceedings and judgment, when produced and proved by the oral testimony of the proper justice, would not be competent evidence in the courts of this State. We fail to see the matter in that light.  In our opinion, the original record of the proceedings and judgment of a justice of the peace of this State, when produced and identified by the oral evidence of the proper justice, is, and ought to be, competent evidence in the courts of this State.

We find no error in the record of this cause.

The judgment is affirmed, at the appellant's costs.