GOODWIN ET AL. *v.* SMITH ET AL.

COSTS.—*Bond.—Applicant for License to Retail Liquor.—Remonstrants.— Pleading.*—In a suit by remonstrants upon a cost bond executed by an applicant for license to retail intoxicating liquors, upon an appeal by him from a decision of the county commissioners refusing such license, the plaintiffs are only entitled to recover for costs made by them and for which they are liable, and the complaint, to be good, must show these facts.

SAME.—*Special Finding.— Conclusion of Law.*—In such case a finding by the court that a certain amount of costs had accrued in the previous action, and that judgment had been rendered in favor of the plaintiffs, against the applicant in that cause, for the costs, but not finding how much costs such plaintiffs incurred or expended, does not justify the conclusion that the defendants are indebted to the plaintiffs in such amount.

SAME.—*Party.— Witness Fees.*—A party can not claim witness fees in his own case unless he be summoned by the adverse party.

SAME.—*Judgment for Costs.*—A judgment in favor of a party for costs is as much his own property as a judgment for a debt.

SAME.—*Taxing Fees by Clerk.*—A person who is neither subpœnaed nor sworn on the trial of a cause can not claim a witness fee, and the mere act of the clerk in taxing a fee for such witness can not make it valid ; neither has the clerk a right to tax a fee for a witness unless the witness claims it.

From the Henry Circuit Court.

*D. W. Chambers* and *W. O. Barnard,* for appellants.
*J. T. Mellette* and *E. H. Bundy,* for appellees.

SCOTT, J.—Goodwin, one of the appellants, made an application for license to retail liquors in Henry county. The board of commissioners refused the license. Goodwin appealed to the Henry Circuit Court, and gave bond for costs with the other appellants as his sureties. Goodwin took a change of venue from the county, and the cause was sent to the Wayne Circuit Court, where there was a trial by jury and verdict for the remonstrants, the appellees herein, and a judgment against Goodwin for costs. This suit was brought on the bond. The complaint sets out all the facts. The bond is made a part of the complaint. There is also in the complaint an exhibit, showing the amount of costs taxed by the clerk, which is certi-

fied to by the clerk of the Wayne Circuit Court. Neither the complaint nor the exhibit shows what part of the costs was made by the appellees; nor does it show that appellees had paid any costs.

There was a demurrer to the complaint for want of sufficient facts to constitute a cause of action. The demurrer was overruled and exception entered.

There was an answer in seven paragraphs, the first being the general denial.

The second was an answer as to so much of the complaint as sought to recover for witness fees taxed by the clerk for certain persons named in the bill of particulars, which amounted to fifty-six dollars and sixty cents, and averred that the persons for whom such fees were taxed were parties defendants in the proceeding in which such costs were taxed.

The third paragraph averred that the appellees had not paid any part of the costs.

The fourth paragraph averred that six dollars and fifty-five cents of the costs were for a party defendant in the original proceeding.

The fifth paragraph averred that, as to certain fees taxed to certain parties, amounting in all to twenty-two dollars and ninety cents, neither of the parties for whom such fees were taxed as witnesses was sworn on the trial of the cause, nor was either of them subpœnaed.

The sixth paragraph averred that, as to so much of the plaintiffs' complaint as sought to recover witness fees for Scott Toby, nine dollars and fifty cents, Anutt, six dollars and fifty-five cents, neither of these parties had received any fees from the plaintiff; that they never requested the clerk to tax any fees for them, or either of them, nor did they authorize any one else to have any fees taxed for them; that they never did, nor do they

now intend to, claim or receive any pay as witnesses in said trial.

The seventh was a plea of payment.

There were demurrers to the second, third, fourth, fifth and sixth paragraphs of the answer. The demurrers were sustained to each of these paragraphs, and exceptions entered. Reply to the seventh paragraph.

A jury was waived, and the cause submitted to the court, and, on the request of the appellants, the court made the following special finding of facts and conclusions of law thereon:

"1. That on or about the 10th day of March, 1876, the defendants executed to the plaintiffs the bond filed with the complaint herein and marked 'A.'

"2. That, prior to the commencement of this action, the defendant Goodwin appealed to the circuit court of Henry county, Indiana, from a certain judgment against him on the 9th day of March, 1876, by the board of commissioners of said county and State, refusing him a license to sell intoxicating, spirituous and malt liquors, in less quantities than a quart at a time, with the privilege of permitting the same to be drank in and upon the premises where sold, and that, upon the application of said Goodwin, the venue of said cause was changed to the Wayne Circuit Court, and such proceedings were had therein, that upon the 5th day of June, 1876, judgment was duly rendered in the Wayne Circuit Court, that the plaintiffs in this action recover of the defendant Goodwin the costs and charges by them incurred or expended in said cause.

"3. That the costs which accrued in the said cause amount to the sum of ninety-five dollars and eighty-five cents, which remain unpaid."

The appellants excepted to the conclusions of law. They then moved for a judgment on the special findings, which motion the court overruled, and they excepted.

A motion for a new trial was overruled, and the appellants excepted to this ruling. Judgment was rendered in favor of the appellees, for ninety-five dollars and eighty-five cents.

The evidence is in the record.

Error is assigned·on all the rulings of the circuit court mentioned herein.

The demurrer to the complaint should have been sustained, for the reason that the complaint did not show that the appellees made any costs in the proceeding for license ; nor did it show that the appellees were liable for any costs. They were only entitled to recover for costs made by them, and for which they were liable.

The demurrer to the second paragraph of the answer should have been overruled. A party can not claim witness fees in his own case, unless he be summoned by the adverse party.

If the complaint had been good, then the ruling of the court in sustaining the demurrer to the third paragraph of the answer would have been correct. *Hays* v. *Boyer*, 59 Ind. 341 ; *Miller* v. *The State, ex rel.*, 61 Ind. 503. It was held in these cases that·a judgment in favor of a party for costs is as much his own property as a judgment for a debt sued for.

The demurrer to the fifth paragraph of the answer should have been overruled. A person who is neither subpœnaed, nor sworn on the trial of a cause, can not claim a witness fee, and the mere act of the clerk in taxing a fee for such witness can not make it valid.

The demurrer to the sixth paragraph of the answer should have been overruled. The clerk has no right to tax a fee for a witness, unless the witness claims it.

The conclusion of law as found by the court was incorrect. It does not follow that, because a certain amount of costs accrued in a cause, therefore the prevailing party

has a right to all the accrued costs, or that the losing party is indebted to the prevailing party for all the accrued costs. The court found that the appellees in a certain action had recovered a judgment against " Goodwin for the costs and charges by them incurred or expended in the said cause." How much costs the appellees incurred or expended, is not found by the court. The conclusion, "that the defendants are indebted to the plaintiffs in the sum of ninety-five dollars and eighty-five cents," was not a proper conclusion from the facts.

The judgment is reversed, with costs ; cause remanded, with instructions to the circuit court to sustain the demurrer to the complaint, and for further proceedings in accordance with this opinion.