Palmer *et al. v.* Glover.

in the record, but there is a bill of exceptions therein showing the instructions given by the court, both oral and written, but not showing that any exception was taken at the time to the giving of either, no question is presented for the decision of the Supreme Court.

From the Clark Circuit Court.

*J. B. Meriwether*, for appellant.

*D. P. Baldwin*, Attorney General, and *W. W. Thornton*, for the State.

———◦•◦———

No. 9146.

PALMER ET AL. *v.* GLOVER.

JUDGMENT.—*Action on.*—A judgment is a debt of record, and an action may be maintained thereon for the recovery of such debt, although the judgment plaintiff therein could enforce its collection by execution issued out of the court in which it was rendered.

Palmer *et al. v.* Glover.

SAME.—*Costs.*—*Interest.*—A judgment for. costs is a "judgment for money," within the meaning of the act of March 10th, 1879, concerning interest, etc., Acts 1879, p. 43, and bears interest from the date of the return of the verdict or finding of the court, until the same shall be satisfied, and a judgment plaintiff is entitled to recover for such costs, with interest thereon, in an action upon his judgment.

SAME.—*Entry of Costs in Order Book.*—It is not necessary that the entry of a judgment on the order book should specify the amount of the costs recovered.

SAME.—*Fee Book.*—*Record.*—*Evidence.*—The fee book of the clerk of the circuit court is a public record, and judgment defendants are bound by the lawful entries of such clerk against them therein, and it is competent evidence of the amount of costs due the judgment plaintiff in an action on his judgment.

SAME.—*Fee Bill.*—*Fees and Salaries.*—The provisions of section 39 of the fee and salary act of March 12th, 1875, in relation to actions on fee bills, 1 R. S. 1876, p. 478, are not applicable to a suit upon a judgment, and for the costs recovered therein. *Query*, whether the fee and salary act of March 31st, 1879, Acts 1879, p. 130, does not repeal section 39, *supra*.

SAME.—*Collateral Attack.*—*Parol Evidence.*—*Taxation of Costs.*—If the costs, or any of the items thereof, were illegal charges against the judgment defendant, he might have had a taxation of the costs, by a motion for that purpose, in the original cause, but could not, in an action on the judgment therein, impeach the judgment for costs by parol evidence.

SUPREME COURT.—*Weight of Evidence.*—*Finding.*—The Supreme Court will not disturb a finding on the mere weight of evidence, where the evidence tends to support it.

From the Lawrence Circuit Court.

*G. W. Friedley* and *E. D. Pearson*, for appellants.
*M. T. Dunn* and —— *Dunn*, for appellee.

HOWK, C. J.—In this action the appellee sued the appellants upon a judgment which he had recovered of and from them on the 30th day of March, 1877, by the consideration of the court below. This suit was commenced on the 24th day of September, 1880. The appellants jointly answered the appellee's complaint by a general denial thereof. A trial of the cause by the court resulted in a finding for the appellee in the sum of $1,611.95, and over the appellants' motion

for a new trial, and their exception saved, judgment was rendered on the finding.

In their brief of this cause, the appellants' counsel say: "The errors we will insist upon arise on a motion for a new trial, and for the specific reasons that the finding and judgment are contrary to the evidence, are excessive and contrary to law, and are not sustained by sufficient evidence."

In *Gould* v. *Hayden*, 63 Ind. 443, it was said by this court: "A judgment is a 'debt of record;' and, whether foreign or domestic, an action may be maintained thereon for the recovery of such debt, even where it might appear that the judgment plaintiff could enforce the collection of his judgment by an execution issued out of the court in which it was rendered. *Davidson* v. *Nebaker*, 21 Ind. 334. The judgment plaintiff, of course, controls his judgment. He may enforce its collection by the process of the court in which he obtained his judgment, or he may, if he may elect so to do, use his judgment as an original cause of action, and bring suit thereon in the same or some other court of competent jurisdiction, and prosecute such suit to final judgment."

The point made by the appellants' counsel, "that appellee's right of action is a bare technicality of questionable policy," is not well founded; and certainly he can not, under the law, be "called upon to give any reason or cause for bringing this suit, when he already had a judgment."

It is claimed by the appellants' counsel that the damages assessed by the court were excessive, in this, that they were assessed at the sum of $3.90 in excess of the aggregate amount of the original judgment debt, and of the interest accrued thereon, and of the costs taxed on the original judgment at $34.30, without interest thereon. This point is well taken, if it can be correctly said that the appellee was not entitled to recover interest on his judgment for costs; but if the appellee was entitled by law, as we think he was, to recover interest on his judgment for costs, then the damages assessed by

the court, instead of being excessive, were not enough by the sum of $3.42. In section 2 of "An act concerning interest and usury," approved March 10th, 1879, it is provided as follows: "Interest on judgments for money, hereafter rendered, shall be from the date of the return of the verdict or finding of the court, until the same shall be satisfied, at the rate per cent. agreed upon by the parties in the original contract, not exceeding six per cent., and if there is no contract by the parties, at the rate of six dollars a year on one hundred dollars." Acts 1879, p. 43.

This is substantially a re-enactment of section 3 of the act of March 7th, 1861, "regulating interest on money," etc. 1 R. S. 1876, p. 600. The only material difference between. the two sections is, that, under the older law, "judgments for money" bore interest from the date of signing the same; while under the law now in force such judgments bear interest "from the date of the return of the verdict or finding of the court." It is settled by the decisions of this court, that "the costs recovered by the judgment are due to the judgment plaintiff, and it is his right to control and receive the money so recovered;" and that "a judgment in favor of a party for costs is, therefore, as much his own property and under his own control as a judgment for a debt sued for." *Armsworth* v. *Scotten*, 29 Ind. 495; *Hays* v. *Boyer*, 59 Ind. 341; *Miller* v. *The State, ex rel.*, 61 Ind. 503; and *Goodwin* v. *Smith*, 68 Ind. 301.

If a judgment for costs is a "judgment for money," and it surely is, then, by the express terms of the statute, it bears interest "from the date of the return of the verdict or finding of the court, until the same shall be satisfied;" and the judgment plaintiff, in an action upon his judgment, is as much entitled to recover interest upon his judgment for costs as he is upon his judgment debt. We are of the opinion, therefore, that the appellee's damages, assessed by the court, were not excessive, as claimed by the appellants, but that,.

on the contrary, they were not enough; and of such an error, in the assessment of the amount of the recovery, the appellants do not complain.

But the appellants' counsel insist that the appellee had no right to recover said $34.30 costs, because, at the time of the rendition of the judgment, the costs had not been taxed, and the entry of the judgment did not contain any specific amount of costs. The form of the entry was, that the appellee recover from the appellants a certain sum of money, "and his costs and charges by him in and about this suit laid out and expended." Counsel think that this entry of the judgment for costs was not sufficient, but we think it contained all that was necessary. We know of no law which requires that the entry of a judgment on the order book should specify the amount of the costs recovered. But counsel say that "the fee book offered in evidence was but an *ex parte* statement of the clerk, to which the appellants were not parties." The fee book is a public record, which the clerk is required by law to keep in his office, and to tax and charge therein the fees and costs in each and every suit in the court of which he is clerk, and his entries in the fee book are no more his *ex parte* statements than are his entries in the order book, or any other record of his office. Judgment defendants are bound by the lawful entries of the clerk against them in the fee book, and they will, at least, act wisely if they take notice of their contents.

The appellants' counsel also insist that the appellee ought not to recover the costs in the original judgment, because of the provisions of section 39 of the fee and salary act of March 12th, 1875. This section provides that "No action shall be maintained on any fee bill, due to any person, so long as the party owing the same shall reside within the jurisdiction of the court issuing the same." 1 R. S. 1876, p. 478. This section does not seem to have been re-enacted, either in form or substance, in the fee and salary act of March

31st, 1879, and it might well be doubted if the later act did not repeal the section above quoted. But, whether the section is repealed or not, it is certain, we think, that its provisions are not applicable to the case now before us; for this is, in no proper sense, an action upon a fee bill. In legal parlance, a fee bill is a writ issued against a party making costs, which he has not paid, and this writ may issue against such party, without regard to any judgment for costs, which had been or might be rendered therefor, either for or against such party.

Several objections are made by the appellants' counsel to the costs, and to different items of costs, which we need not stop to consider. The fee book was a record of the court, and, as such, it was competent evidence; and it proved the amount of costs due the appellee in the original judgment, in accordance with the finding of the court. If the costs, or any of the items thereof, were improper or illegal charges against the appellants, they might have had a taxation of the costs, by a motion for that purpose, in the original case, but they could not, we think, on the trial of the case at bar, impeach the judgment for costs, in whole or in part, by the introduction of parol evidence.

Finally, it is urged by the appellants' counsel that the evidence on the trial was incomplete, because it did not appear that the files in the original suit had been given in evidence. On this point, it is enough for us to say that the evidence in the record tended strongly to sustain the finding of the court on every material question involved in the issues. In such a case, we can not disturb the finding of the court, on the weight of the evidence. When the entry of the judgment on the order book was offered in evidence, the only objection to its admission, pointed out by the appellants, was that no evidence had been offered or proposed, showing that the judgment offered was against them, or in favor of the appellee. They have abandoned this objection, as they had

the right to do, in this court, but they can not here insist upon an objection to the evidence, which they failed to make in the trial court. The motion for a new trial was correctly overruled. We find no error in the record.

The judgment is affirmed, at the appellants' costs.