No. 9191.

ANSLEY v. MEIKLE ET AL.

NEW TRIAL.—*Evidence Offered.—Exception.*—An exception to the ruling of the court in allowing a party to "offer" certain evidence, is meant to include the putting in of the evidence.

EVIDENCE.—*Foreign Statutes.—Authentication.*—A statute of another State, authenticated as required by the act of Congress, R. S. 1881, section 454, is admissible in evidence, though the authentication be not in conformity with the statute of this State, R. S. 1881, section 457.

From the Madison Circuit Court.

*H. C. Ryan,* for appellant.

*J. W. Sansberry* and *M. A. Chipman,* for appellees.

MORRIS, C.—The appellant sued the appellees upon the following note:

"$200.                    INDIANA, PA., 10 Aug., 1878.

"Six months after date I promise to pay to the order of Jas. Meikle, at the First National Bank of Indiana, two hundred dollars, without defalcation or stay of execution.   Value received.                              WM. MEIKLE."

It is averred in the complaint, that the payee of the note, by indorsement thereon, assigned it to the First National Bank of Indiana, Pennsylvania, and that the appellant indorsed his name on the back of said note, as the surety of the said William and James Meikle; that the appellees having failed to pay said note at maturity, the appellant was compelled to and did pay the same to said bank; that by such payment he be-

came subrogated to all the rights of the bank in and to said note, and has a right to maintain an action upon the same against the appellees. He demands judgment for the amount of the note and interest.

The appellees answered by a general denial. They also answered that the appellant was not the owner of the note, but that the same belonged to the First National Bank of Indiana, Pennsylvania. The appellees set up in a third paragraph, that the note in suit was given for usurious interest, claimed by the First National Bank of Indiana from the maker, and that it was therefore void and without consideration. It was averred in the answer that the note was executed in the State of Pennsylvania; that the only consideration was illegal and usurious interest claimed to be due said bank for money formerly loaned by the bank to the maker of the note. Copies of several acts of the General Assembly of Pennsylvania on the subject of usury were filed with the answer.

The appellant replied in denial of the answer.

The cause was submitted to a jury for trial, who returned a verdict for the appellant for $25.90.

The appellant filed a motion for a new trial, which was overruled, and he excepted, and final judgment was rendered upon the verdict.

A bill of exceptions, containing the statutes of Pennsylvania put in evidence on the trial by the appellees, and the authentication of the same, is in the record. It does not contain all the evidence given in the case.

One of the reasons stated in the appellant's motion for a new trial, and the only one we need to notice, is as follows:

" 8. The court erred at the trial of the cause, in permitting the defendants in said cause to *offer* in evidence, over the objection of the plaintiff, a certified copy of the statutes of Pennsylvania."

The appellees insist that the mere offering of the statutes of Pennsylvania in evidence was no ground for a new trial, and that the motion, as to this alleged cause, was properly

overruled. We think, however, that the word "offer" as used was equivalent to the word "read," and that it must have been understood in that sense by the court and the appellees.

The appellant insists that the court erred in admitting the statutes of Pennsylvania to be read in evidence, because they were not duly authenticated. There is a certificate of the Secretary of State of the State of Pennsylvania attached to the copy of the statutes read in evidence, in these words:

"Office of the Secretary of the Commonwealth, Harrisburgh, March 10, A. D. 1880, Pennsylvania, ss:

"I do hereby certify that the foregoing and annexed is a a full, true and correct copy of the two original acts of the General Assembly of this Commonwealth, entitled 'An act regulating the rate of interest,' and 'An act extending the provisions of an act entitled "An act regulating the rate of interest," approved May 28, one thousand, eight hundred and fifty-eight, to all corporations authorized to loan money within this Commonwealth, and repealing all laws inconsistent with the provisions of said act,' as the same remains on file in this office.

" In testimony whereof, I have hereto set my hand and caused the great seal of the State to be affixed, the day and year above written.

[Seal.]                             "M. S. TUAY,
                              "Secretary of the Commonwealth."

The certificate of the Governor of the State is also attached, under the seal of the State, in which he certifies that the certificate of the Secretary of State is in due form, and made by the proper officer; that the said M. S. Tuay was, at the date of said certificate, the Secretary of the Commonwealth of Pennsylvania, and that full faith and credit is due to his official acts.

The appellant insists that the certificate does not conform to section 278 of the code, 2 R. S. 1876, p. 148. In this, we think the appellant is right. The copies of the statutes

of Pennsylvania read in evidence do not purport to have been taken from the printed statute books of the State. The copies, as appears from the Secretary's certificate, were made from the originals on file in his office, and were certified under the seal of the State.

Section 278 of the code refers only to copies made from the printed statute books of the several States. The mode of proving the statute law of another State, prescribed by the code, should not be construed or held to exclude other legal modes of proving such statutes. *Miller* v. *The State, ex rel.*, 61 Ind. 503, 510. In this case it was held that section 280 of the practice act, providing that a copy of the proceedings and judgment of any justice of the peace of this State, certified under his hand and seal, as true and complete, etc., shall be received as evidence in the courts of this State, did not exclude the original itself as evidence. So, too, it has always been held that the act of Congress, which provides that the acts of the Legislatures of the several States shall be authenticated by having the great seal of their respective States affixed thereto, is not exclusive of any other method of proof which the States may adopt. 1 Greenl. Ev., section 489; *Lothrop* v. *Blake*, 3 Barr, 483. Nor was the 278th section of the code intended to be exclusive of the method of proving the legislative act of other States, prescribed by the 9th section of the acts of Congress of May 26th, 1790. 2 R. S. 1876, p. 150. Nor, if so intended, could it have that effect. It might be important to prove, in the courts of this State, the existence of a statute in another State, immediately upon its enactment, and before it might be printed in any book. Yet, if the 278th section is to be held to be the exclusive and only method of proof, the existence of such a statute could not be established.

As the statutes of the State of Pennsylvania, read in evidence in this case, appear to have been authenticated in accordance with the act of Congress upon the subject, there was no error in their admission as evidence.

As this is the only question pressed in argument by the ap-- pellant, no other question will be noticed. The judgment of the court below should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion,. that the judgment below be affirmed, at the costs of the ap-- pellant.