No. 5930.

## HIÉTT v. DAVIS.

COSTS.—*Bond to Secure.*—*Complaint.*—A complaint upon a bond to secure costs, which fails to show that the plaintiff is liable for or has paid any costs, is bad on demurrer.

SAME.—*Measure of Damages.*—The measure of damages in a suit upon a bond to secure costs is not the whole costs of the cause, but only the plaintiff's costs.

SAME.—*Evidence.*—*Fee-Book.*—In an action by the defendant in a suit begun before a justice of the peace and afterwards appealed to the superior court, upon a bond given to secure the costs, evidence was admitted to the effect that at the trial before the justice the defendant's attorney asked the justice if the plaintiff had given security for costs; the justice answered " Yes," and the plaintiff's attorney held up a paper, saying, " Here is the bond; H. has signed it." The parties were present, but H. (the surety) was not. The fee-book and witness-book of the superior court were also admitted in evidence. There being evidence tending to show a delivery of the bond it was admitted in evidence.

*Held,* that no error was committed in the admission of either of said items of testimony.

From the Superior Court of Tippecanoe County.

*C. E. Lake* and *J. S. McMillin*, for appellant.

*W. C. Wilson* and *J. H. Adams*, for appellee.

BICKNELL, C. C.—This was an action by the appellee against the appellant upon an undertaking for costs. All the questions in the case arise upon the second paragraph of the complaint. A demurrer to that paragraph was overruled. The defendant answered:

1st. The general denial.

2d. A plea of *non est factum*.

A jury tried the issues and returned a verdict for the plaintiff for $106.45. The defendant's motion for a new trial was overruled, and judgment was rendered on the verdict. The defendant appealed. The errors assigned are, overruling the demurrer to the complaint, and overruling the motion for a new trial.

The appellant requests that all the matters presented by the motion for a new trial may be determined, in order that the parties may be guided by the decision, in the event of a new trial.

The first, second and third reasons for a new trial allege that the verdict was not sustained by sufficient evidence, and was contrary to law and evidence. The point here made is that there was no sufficient proof of the delivery of the undertaking. This was a question for the jury. We think the evidence authorized the jury to find that the undertaking was not only signed by the appellant, but was delivered by him as security for costs in the case.

The fourth and fifth reasons for a new trial present the question whether the damages were excessive.

The costs recovered by a party are the costs made by him and for which he is liable. *Armsworth* v. *Scotten,* 29 Ind. 495; *Hays* v. *Boyer,* 59 Ind. 341. The evidence as to the amount of costs consisted of fee-book No. 4 and witness-book No. 1 of the Superior Court of Tippecanoe county, purporting to

show the taxation of costs made by the clerk in the case of *Foster* v. *Davis.* The taxation is headed "Appeal costs Foster is liable for," and the total amount is $106.45, which is the amount of the verdict. This verdict is certainly excessive unless the appellee made all the costs; but it appears by the witness-book and by the subpœnas, which were also in evidence and are in the record, that seven of the witnesses, whose fees were a part of the $106.45, were Foster's witnesses. For their fees Davis was not liable and could not recover them in this action. The damages, therefore, were clearly excessive.

The sixth reason for a new trial is error of law occurring at the trial. Under this head specification A charges error in admitting in evidence the undertaking for costs, and specification B charges error in refusing to strike out that evidence. But there was no error in these particulars, because there was evidence tending to show a delivery of the undertaking as the security for costs in the case. Specification C charges error in admitting the following testimony of the appellee :

" Mr. Durgon was my attorney ; at the school-house, at the first trial of the case, Durgon asked Shuee " (the justice) " if Foster had filed security for costs, and Shuee said yes; and McMillin held up a paper in his hand and said, 'Here is the bond; John Hiett has signed it.' We were all sitting around the table there; John Hiett was not present."

This statement of what took place at the trial was competent, as tending to show that the justice then held the undertaking as security for costs in the case, and was proper to be considered by the jury in connection with the other facts tending to show the delivery of the instrument.

Specifications D and E charge as error the admission in evidence of the fee-book and witness-book hereinbefore referred to. There was no error in this. *Palmer* v. *Glover,* 73 Ind. 529.

Specifications F and G are expressly waived by the appellant. The court, therefore, erred in overruling the motion for a new trial.

As to the other error assigned, to wit, overruling the demurrer to the complaint, the objection urged against the complaint is that it fails to show what part of the costs in controversy were made by the appellee, or that he had paid or was liable to pay any of them. This objection seems to be well taken. See *Goodwin* v. *Smith*, 68 Ind. 301.

The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellee, with leave to the appellee to amend his complaint.