Filed Jan. 30, 1884.

———————

No. 10,639.

## CHURCH ET AL. *v.* HAY, SHERIFF, ET AL.

COSTS.—*Judgment in Tort.—Execution.—Exemption.*—The costs recovered by the plaintiff in a suit for tort, being an incident of the judgment for damages, are collectible on execution in the same way; the judgment is an entirety, and no property is exempt from the execution.

From the Vigo Circuit Court.

*D. C. Mitchell, D. N. Taylor, C. F. McNutt* and *H. C. Nevitt,* for appellants.

*G. E. Pugh* and *H. C. Pugh,* for appellees.

FRANKLIN, C.—In this case a demurrer was sustained to the complaint, and that ruling presents the only question for consideration, and is the only error assigned.

The complaint seeks to enjoin the sheriff from collecting a judgment for damages and costs recovered against appellants as tenants holding over, for the reason that the judgment for costs is a debt growing out of and founded upon a contract, express or implied.

There need be no controversy about the judgment, after its rendition, being a debt, without reference to whether it

grew out of contract or tort; and in this case it is inferentially conceded that the judgment for damages grew out of a tort, but it is insisted by appellants that the judgment for costs grew out of contract, and that appellants were entitled to the benefits of the exemption law as to the costs; that the judgment for damages being merely nominal, the judgment for costs is the substantial judgment in the case and ought to control the whole judgment. Upon the judgment an execution was issued; the sheriff levied it upon appellants' property; they claimed the property as exempt from execution, and tendered to the sheriff a schedule embracing all their property, which was less than the law allowed as exempt from execution. The sheriff refused to receive it, and was proceeding to sell the property.

It is insisted that the costs grew out of an implied contract with the officers to pay them for their services, and upon a judgment therefor the appellants are entitled to the benefits of the exemption law. If the judgment had been rendered in a suit by the officers against the appellants for whom services had been rendered upon the implied contract to pay for such services, appellants might have had some show for their claim, though we decide nothing in relation to that matter; for the reason that in this case the costs were not the cause or foundation of the action upon which the judgment was rendered, but only an incident to it, and controlled by the nature of the cause of action, and in their collection, on an execution upon the judgment, must be governed by the rules for the collection of the judgment upon the cause of action. Hence, if the cause of action was in tort, the collection of the judgment for costs must follow the rules for the collection of a judgment founded in tort.

The costs recovered by the judgment plaintiffs constituted a part of the judgment on the cause of action; the judgment was an entirety, and belonged to the judgment plaintiffs upon the theory that they had paid them as they accrued, or are liable for their payment; and no contract, express or im-

Church *et al. v.* Hay, Sheriff, *et al.* ·

plied, existed between the judgment plaintiffs and the judgment defendants in relation to them. The law requires them to be repaid by the judgment defendant, not because they had been paid for his use, but because he had caused the plaintiffs to pay them in order to protect their own rights. See the following authorities: *Armsworth* v. *Scotten*, 29 Ind 495 ; *Hays* v. *Boyer*, 59 Ind. 341 ; *Miller* v. *State, ex rel.*, 61 Ind. 503 ; *Goodwin* v. *Smith*, 68 Ind. 301 ; *Palmer* v. *Glover*, 73 Ind. 529.

In the case of *Martindale* v. *Tibbetts*, 16 Ind. 200, the question here under consideration was expressly decided adverse to appellants' position in relation to the appraisement laws. The court said : " The appellant claims that the costs go to the officers and not to the plaintiff, and that they are dependent upon ordinary contracts and to be governed by the general law. This is not strictly correct. The plaintiff is supposed to pay costs to the officers as he makes them, (however seldom they are thus paid in fact,) and if he recovers judgment against the defendant, he also recovers the costs he is supposed to have thus paid. We think the statute providing for the rendition of judgments to be collected without appraisement (2 R. S. 1852, p. 123, § 381), does not contemplate a different judgment as to costs from that in respect to the debt. The judgment for the debt and costs is an entirety ; the costs following as an incident to the judgment for the debt, and to be collected in the same manner." We see no reason, in this respect, why the same rule applied to the appraisement laws shall not be applied to the exemption laws.

The case of *Schouton* v. *Kilmer*, 8 How. Pr. 527, is very similar to the one under consideration, and in that case it was held, that upon a judgment for damages and costs founded upon tort, the homestead was not exempt from execution. "A judgment for costs, in an action of tort falls within the same rule. It is not a judgment for a *debt contracted.*"

There was no error in sustaining the demurrer to the complaint. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed Jan. 30, 1884.