*A. S. Humphreys* for plaintiff.

*C. W. Ashford* for defendants.

JAMES L. HOLT, TAX ASSESSOR, *v.* HAWAII LAND COMPANY, LIMITED, A CORPORATION.

APPEAL FROM DISTRICT MAGISTRATE, HONOLULU.

ARGUED MARCH 12, 1907.          DECIDED MARCH 14, 1907.

FREAR, C.J., HARTWELL AND WILDER, JJ.

DISTRICT MAGISTRATE'S JURISDICTION—*action on judgment for taxes.*
    An action does not lie in the court of a district magistrate on a judgment recovered for taxes of over $300.

OPINION OF THE COURT BY HARTWELL, J.

Plaintiff brought an action before the district magistrate of Honolulu to recover of the defendant the sum of $1612.30 being the amount of a judgment for $1879.20 which the plaintiff had recovered in an action before the district magistrate December 4, 1903, less the sum of $266.90 which the defendant had since paid on account thereof, also to recover the sum of $480.50 for taxes assessed against the defendant's property for the years 1903, 1904, 1905 and 1906 together with ten per cent.

penalty in addition thereto and interest thereon and costs of advertising.

The magistrate's record shows that the defendant demurred to the plaintiff's complaint on the ground that the court had no jurisdiction, that this is not a suit for taxes and pleaded in bar to the first count of the complaint stating that he would admit that the second count was correct; that the plea was overruled whereupon the magistrate heard the plaintiff's evidence to the effect that the defendant owed the tax office on the first count $1612.30, with interest, $296.65. The magistrate gave judgment on both counts for the sum of $2486.99, from which the defendant appealed to this court on the ground that the magistrate "has no jurisdiction in this case as the amount involved in the suit is more than $300 and partly based on a judgment rendered by this court and the amount of the judgment is more than $300," being the limit of the magistrate's jurisdiction in all civil actions "except as otherwise provided." Sec. 1662, R. L.

The plaintiff bases jurisdiction upon Par. 2 of Sec. 1269, R. L., providing that the assessor may enforce payment of taxes "By suit or action in assumpsit, in his own name, on behalf of the Territory of Hawaii, for the amount of taxes, penalties and costs and interest, in any district court, irrespective of the amount claimed. Execution may issue upon any judgment rendered in any such suit, which may be satisfied out of any real or personal property of the defendant in such suit, without other or further authority," as well as upon the latter part of Sec. 1273, R. L., providing that the magistrates "shall also have jurisdiction to hear and determine all civil actions, suits and proceedings for the collection and enforcement of collection and payment of all taxes assessed thereunder, notwithstanding the amount claimed."

In *Palmer v. Glover,* 73 Ind. 529, cited by the plaintiff, the court held in respect of a tax that the officer "may enforce its collection by the process of the court in which he obtained his judgment, or he may, if he may elect so to do, use his judgment

as an original cause of action, and bring suit thereon in the same or some other court of competent jurisdiction, and prosecute such suit to final judgment. This procedure he may pursue as often as he elects, using the judgment last obtained as a cause of action on which to obtain the next succeeding judgment."

Undoubtedly the plaintiff might have enforced collection of the earlier judgment by process of the court in which he obtained it or he might use his judgment as an original cause of action and bring suit thereon in the circuit court, but not before the district magistrate who only had jurisdiction in civil cases up to $300. The original action for the amount of the tax was properly brought before the magistrate "notwithstanding the amount claimed." The action on the judgment, however, is not on the original cause of action.

The defendant's demurrer or plea, whichever it was, to the first count is sustained, the judgment appealed from is reversed and the cause is remanded to the magistrate with leave to enter judgment for the plaintiff on the second count and for such further proceedings as may be appropriate.

*M. F. Prosser, Deputy Attorney General, (E. C. Peters, Attorney General, also on the brief) for plaintiff.*

*W. C. Achi* for defendant.