STATE OF HAWAII, by its Attorney General, BERTRAM T. KANBARA, Plaintiff-Appellee, *v*. HILO METALS CO., LTD., A Hawaii Corporation, Defendant-Appellant.

No. 5236

August 29, 1972

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY LEVINSON, J.

This appeal relates to two general lease agreements between the State of Hawaii, lessor, and Hilo Metals Co., Ltd., lessee-assignee, covering two parcels of land separated by Railroad Avenue in Hilo, Hawaii. On July 8, 1971, the State of Hawaii instituted summary possession proceedings against Hilo Metals (the appellant herein) in the district court, pursuant to HRS §§ 666-1[1] and 666-6,[2] as well as an action

---

[1]HRS § 666-1 provides:

*Summary possession on termination or forteiture of lease.* Whenever any lessee or tenant of any lands or tenements, or any person holding under the lessee or tenant, holds possession of lands or tenements without right, after the determination of the tenancy, either by efflux of time or by reason of any forfeiture, under the conditions or covenants in any lease, or, if a tenant by parol, by a notice to quit of at least ten days, the person entitled to the premises may be restored to the possession thereof in manner hereinafter provided.

[2]HRS § 666-6 provides in pertinent part:

*Declaration, summons.* The person entitled to the possession of the premises may apply to any district court, by a written complaint setting forth his cause

for rent under HRS § 666-7[3] and for collection of back property taxes under HRS § 231-12.[4] On September 13, 1971, the date of trial, the appellant interposed an oral counterclaim in the amount of $19,200, based upon the alleged rental value of a portion of the leased premises taken by the State of Hawaii in 1965, and argued alternatively that the taking entitled the appellant, by the terms of the lease, at least to a proportionate reduction in rent by way of set-off.[5]

The district magistrate, in an oral decision, found that the lessee had forfeited the leases and awarded the State summary possession in addition to $8,388.35 in rent and

---

of action. The district court shall thereupon issue a writ, in the form used for an original summons in common civil actions in such court, whereby the defendant shall be summoned to answer the complaint of the plaintiff, that the defendant is in the possession of the lands or tenements in question, describing those which he holds unlawfully and against the right of the plaintiff, and no other declaration shall be recognized, or summons issued. The action shall be brought and prosecuted in any district where the lands and premises in question, or any part thereof, is or are situated; provided, one or more of the defendants are found and served with process in such district, or in case the premises are in the possession and occupancy of a corporation, service may be made within the district, upon any director or the manager of the corporation.

[3]HRS § 666-7 provides in pertinent part:

*Joinder of other causes of action.* In any action for summary possession begun under this chapter, the plaintiff may join actions for rent, . . . where these arise out of and refer to the land or premises, the possession of which is sought, and such joinder may be made irrespective of the amount claimed.

In any such action, . . . the plaintiff may join in the action a prayer for accrued rent due, if any, and also for rent . . . up to the time of judgment, if such is rendered in his favor, without prejudice to such action or ground for summary possession as may be set forth in the complaint.

[4]HRS § 231-12 provides in pertinent part:

. . . [T]he several district magistrates shall have jurisdiction . . . to hear and determine all civil actions and proceedings for the collection and enforcement of collection and payment of all taxes assessed thereunder, . . . notwithstanding the amount claimed.

[5]The appellant's claim for a reduction in rent is premised upon the hypothesis that the taking was by the County of Hawaii, whose employees and equipment effected the blacktopping of the road. In addition to the fact that the County of Hawaii is not a party to this suit; the appellant concedes that if the taking was by the State of Hawaii, then under the terms of the lease the lessee would not be entitled to any reduction in rent. There is nothing in the record to suggest that the State of Hawaii has transferred title to the land in question to the County of Hawaii. The fact that the county may have performed the road work does not alter the character of the taking by the State.

back taxes. He denied the appellant's set-off as a matter of law and the counterclaim because of insufficient evidence.

On appeal, the appellant argues that in taking cognizance of its counterclaim in the amount of $19,200, the district court divested itself of jurisdiction over the subject matter of the suit. We agree that the district court lacked jurisdiction to entertain the appellant's counterclaim, but we cannot sustain the appellant's contention that this defect tainted the entire action.

Subject to exceptions not material here, and at the time the instant action was brought in the district court, HRS § 604-5 conferred upon the several district courts:

> . . . concurrent jurisdiction in all civil actions, where the debt, amount, or damages, or the value of the property claimed, does not exceed $2,000; and . . . original jurisdiction in all statutory proceedings as conferred by law upon district courts, to try and determine the same, subject to appeal according to law . . . .

While HRS §§ 231-12 and 666-7 permit district courts to try actions for the collection of taxes and actions for rent coupled with summary possession proceedings irrespective of the amount claimed, no such statutory exception is made regarding the subject matter of the appellant's counterclaim. Thus, the district court lacked jurisdiction to adjudicate a counterclaim in excess of the $2000 limit imposed by HRS § 604-5,[6] and the district court's judgment regarding the counterclaim is a nullity. *Holt v. Hawaii Land Co.*, 18 Haw. 278 (1907).

It does not follow, however, that in hearing a counterclaim over which it had no jurisdiction, the district court relinquished its statutory authority to hear the action brought by the State. In this regard, the case of *Holt v. Hawaii Land Co.*, *supra*, is instructive. In that case, the district court entered judgment on an action comprised of two counts,

---

[6]This principle is re-embodied in the new District Court Rules of Civil Procedure, adopted on November 8, 1971 and effective as of January 1, 1972. Rule 13(b) provides in pertinent part:

> A pleading may state as a counterclaim any claim against an opposing party which is within the jurisdictional limit of the court . . . .

over the first of which it had improperly invoked jurisdiction. Rather than set aside the entire judgment on appeal, this court vacated as a nullity only that portion of the judgment relating to the first count but left undisturbed the district court's judgment as to the second count, over which it properly exercised jurisdiction. The same principle is applicable here.

The judgment on the complaint is affirmed. The judgment on the counterclaim is reversed and the matter is remanded with instructions to vacate that portion of the judgment relating to the appellant's counterclaim, without prejudice to the appellant's right to bring an appropriate action in the circuit court.[7]

*C. Duane Carlsmith* for defendant-appellant.

*Gerald Y. Y. Chang,* Deputy Attorney General (*George Pai,* Attorney General of counsel) for plaintiff-appellee.

---

[7]*See* RESTATEMENT OF JUDGMENTS § 58, comment *e* at 235 (1942):

*Defense and counterclaim – Limited jurisdiction.* Where the same facts constitute a ground of defense to the plaintiff's claim and also a ground for a claim of the defendant against the plaintiff, and the court is one of limited jurisdiction which, although it has jurisdiction over the claim of the plaintiff against the defendant, has no jurisdiction over the defendant's claim against the plaintiff, and the defendant alleges these facts as a defense, a judgment either for the plaintiff or for the defendant does not bar a subsequent action by the defendant and the determination by the court of the facts alleged in the defense is not controlling in such subsequent action.